# CHARLESTON

MOLLOHAN, MCCLINTIC AND MATHEWS V. CAVENDER.

Submitted September 22, 1914.   Decided September 29, 1914.

1. DISTRICT AND PROSECUTING ATTORNEY—*Duties—Schools and School Districts.*

   It is the duty of the prosecuting attorney, imposed by section 49, chapter 39, Code, to serve independent district boards of education as well as other district boards, as thereby prescribed.   (p. 37).

2. SCHOOLS AND SCHOOL DISTRICTS—*Power to Employ Counsel.*

   But said section does not deprive such independent district boards of the implied power, to employ other counsel, or additional counsel to assist the prosecuting attorney, where, in their judgment and reasonable discretion the character of the business, or on account of the absence of the prosecuting attorney, or his incapacity, sickness, or other disability, or his refusal to act, there is necessity therefor. (p. 38).

Original mandamus by George W. McClintic and others against Nathaniel W. Cavender, County Superintendent.

*Writ awarded.*

*Price, Smith, Spilman & Clay,* for petitioners.

*T. C. Townsend,* for defendant.

MILLER, PRESIDENT:

Mandamus is sought to compel defendant, as financial secretary of Kanawha County, to countersign, pursuant to section 149-a, chapter 45, Code 1913, an order of the Board of Education of Charleston Independent District, dated February 10, 1914, on the Sheriff, in favor of petitioners, for two hundred dollars.

The alternative writ avers that said order was duly issued and delivered to petitioners in payment for legal services rendered pursuant to contract, in the chancery cause of D. C. Gallaher against said board, a most important suit, involving not only the right and authority of defendant to issue three hundred thousand dollars of bonds, but also its very life and legal existence; that the amount of said order was a reasonable compensation for said services, and that it has been regularly and legally issued and delivered to. petitioners in payment thereof, and that it had been presented to defendant, as such county financial secretary, for his counter signature, but that he had declined, assigning as a ground that same was illegal and void.

It is averred also that the charter act of said district makes no special provision for an attorney to advise it, or represent it in litigation begun or defended by it, and that the only statute on the subject is section 49, chapter 39, serial section 1602, Code 1913, the chapter relating to county courts, said section relating to salaries of county officers, and saying: ''And it shall be the duty of the .prosecuting attorney to attend to, bring or prosecute, or defend, as the case may be, all actions, suits and proceedings in which his county or any district board of education is interested, without additional compensation.''

It is further averred that notwithstanding this general provision of the law, said board had been advised by the prosecuting attorney for said county, in office for many years preceding the institution of said suit, that he was not required thereby to represent said independent district, but only district boards, and that he had always declined to represent it in that behalf, and that this ruling and advice had been accepted and acted on, as said board was bound to do, and that it had not been otherwise advised at the time it employed petitioners, as aforesaid.

Defendant made no return, but rested his defense solely on his demurrer and motion to quash the writ, which perhaps presents all questions properly involved.

The first proposition of petitioners is that the general authority conferred upon said board of education, by its char-

ter, section 4, chapter 74, Acts 1911, carries the implied power to employ counsel to advise and represent it in respect to the business of the district, and that said section 49, chapter 39, of the Code, has no application.

We cannot affirm this proposition. In our opinion it is the duty of the prosecuting attorney, as provided by said section, to represent all boards of education, including independent districts. The statute makes no exception, and there is nothing in the charter of said independent district negativing this construction. Nor does section 17 of the act, making inapplicable all provisions of the general school law and all other laws which are in any manner inconsistent therewith, in our opinion, do so. Why should independent districts be excepted? "District boards of education" plainly includes independent districts. By the charter law the district is independent only in the sense that it·has some powers not covered by the general law, and by its term the general law, except where it is otherwise provided or is inconsistent with the special charter, is made applicable. It is argued, however, that because section 161, of chapter 45, serial section 2235, subject "Definitions", provides that, "The words used in this chapter and in any proceedings pursuant thereto, shall, unless the context clearly indicates a different meaning, be construed as follows: * * * (8) 'District' shall not mean independent district", independent districts are excluded from the provisions of said section 49, chapter 39, of the Code, relating to county courts and the duty of the prosecuting attorney. We do not think this the proper construction of that statute. Chapter 45 of the Code is the statute relating to education in general, greatly amended and re-enacted in 1908. That chapter nowhere deals with the duties of prosecuting attorneys; that subject was not within the contemplation of the Legislature, and by plain intendment the definitions in section 161, were to relate solely to the things to be done and proceedings to be taken specifically designated in that chapter, and where the word "district" is employed in connection therewith.

The next and most important question is, has the board of education of an independent district, notwithstanding its right to be advised and represented by the prosecuting attor-

ney, and his duties in the premises, the right also to employ
other counsel, or counsel to assist the prosecuting attorney in.
extraordinary or important litigation? Mr. Dillon, than whom
there is perhaps no better authority on municipal law, in the
recent edition of his great work on municipal corporations,
says: ''If the scheme of municipal government *provides a
corporation counsel or city attorney or other legal officer* for
the municipality whose duty it is to appear on behalf of the
municipality *in all suits* by or against the corporation, and to
conduct all the law business of the corporation, the municipal-
ity is deprived of its power to employ another attorney to
take the place of and perform the duties which naturally be-
long to its law officer.'' 2 Dillon on Municipal Corporations,
(5th ed.) section 824. This is a very clear and comprehen-
sive statement of the law, and is well fortified by the numerous
decisions cited therefor in the foot note. The words italicised
are so emphasized by the author. An examination of the cases
cited will show that this rule is based on cases where the mu-
nicipal authorities have attempted to ignore the rights, duties
and authorities of municipal law officers, either to wholly su-
persede them, or to waste the public funds in employing coun-
sel not required by any exigency, as refusal, incapacity, neg-
lect, sickness, or disqualification of the regular municipal
officer to act in the premises; or where by the terms of the
charter or laws governing the municipality legal departments
have been created to transact all legal business, and the im-
plied power to employ other counsel plainly negatived thereby.
It is unnecessary in this connection to review these decisions.

As the special charter of the independent district of Char-
leston makes no provision for corporation counsel, and
it is only by said section 49, chapter 39, of the Code, that any
provision is made therefor, we do not think that we can say
that any scheme can be evolved negativing the right of the
corporation to employ other counsel to at least assist the pros-
ecuting attorney, bringing the case within the rule stated.
In the same paragraph Mr. Dillon says: ''But the fact that
an official attorney is provided for the municipality by law
does not *preclude the municipality* from employing *other or
additional attorneys to assist him* in prosecuting or defend-

ing suits against the municipality.'' The decisions cited for
this proposition are numerous. Some of them do not limit the
right to the employment of assistant counsel, but give it when-
ever and wherever in the judgment of the corporate author-
ities the business of the corporation reasonably requires other
or additional counsel. Among the cases cited are *Smith* v.
*Mayor, &c.,* 13 Cal. 531, saying: ''It is true, the charter
provides that an attorney shall be elected by the people to at-
tend to the business of the city; but this does not prevent the
employment of other counsel when it is impossible for the
Attorney of the city to discharge the required duty.'' This
case involved an appropriation of $5,000.00 to pay Alpheus
Felch for his services in the Supreme Court of the United
States. Another case is *Hornblower* v. *Duden,* 35 Cal. 664,
671, saying: ''There is no reason why public as well as pri-
vate interests should not be subserved by the employment of
several counsel, when the exigencies of the case are such as
to demand it, in the judgment of prudent men; and we are
satisfied that the Legislature has not been so unwise as to
render such a course impossible. Undoubtedly, the Board
should not put the county to the expense of extra counsel
unless extra counsel is needed. The presumption is that they
will not; but, in any event, it is a matter in which their judg-
ment and discretion is not open to review by the Courts.''
In another California case, *Lassen County* v. *Shinn,* 88 Cal.
510, referring to the two previous cases. it is said: ''In our
opinion, the ruling of the court upon the demurrer was prop-
er. It is settled law that where a county has legal business to
be transacted, its board of supervisors may employ counsel,
other than the district attorney, to transact the business, if
in the judgment of the board the public interest will thereby
be subserved. This is rested upon the ground that the dis-
trict attorney may be incompetent, or sick, or absent from
the county, or engaged in other business, so that he cannot
attend to it, or the business to be transacted may be outside
of the county.'' *Denman* v. *Webster,* 139 Cal. 452, cited as
opposed to the previous cases is by four of seven judges, a
bare majority, three of the judges, including the chief justice,
dissenting. Another California case cited in opposition is

*County of Modoc* v. *Spencer,* 103 Cal. 498, involving the em-
ployment of counsel to assist in the prosecution of criminal
cases prosecuted in the name of and on behalf of the people
of the State, not strictly county business, business strictly for
the prosecuting attorney, differentiating it from the other
cases. Other cases cited for the text are from Nevada, New
Jersey, Iowa, South Dakota, and Washington. *Ellis* v. *Washoe
County,* 7 Nev. 291, 293, says: "Litigation can only be con-
trolled by means of attorneys having the authority to appear
in the courts; hence, to give full effect to this power, the com-
missioners must in the very outset have the power to employ
counsel. Nor is it any answer to say that the law designates
and provides an attorney for that purpose—the district at-
torney; for it is not unfrequently the case that he may be
unable to attend to the business of the county, or its interests
in some particular suit may be of such magnitude that the
assistance of other counsel would be very desirable, or pos-
sibly indispensable." Citing the first two California cases
above referred to. The case of *Clough & Wheat v. Hart,*
8 Kans. 487, the court then being composed of three judges,
Mr. Justice Brewer, then a member, not sitting, is cited by
Mr. Dillon for both propositions of his text, and we think
properly, for relief was denied on the ground that the written
contracts between plaintiffs and the city and county authori-
ties, provided for services which the city charter and the laws
specifically required should be performed by the city attor-
ney and county attorney, provisions plainly negativing author-
ity on the part of these authorities to employ other counsel to
perform. The court quotes and emphasizes these provisions
of the law. The contracts effectively superseded the city and
county officers. They were, says the court, *prima facie void*
for this reason. This case was finally disposed of on de-
murrer, and is distinguished from *Smith* v. *Mayor, &c., supra,*
and other like cases. Among the classes of cases in which
this decision concedes county or municipal authority may
lawfully employ additional counsel are, "(5) a city or county
may with the consent of the city or county attorney employ
such assistance for the city or county attorney as the latter
may actually need." Quoted from Mr. Dillon's analysis of the

case. And it is admitted by the court that there may be other cases where such employment would be lawful. Mr. Tiedeman in his work on Municipal Corporations, section 176, also so interprets the authorities. Our case of *Cheesebrew* v. *Point Pleasant,* 71 W. Va. 199, while not strictly in point, gives color to the same proposition.

On reason as well as authority, therefore, we are of opinion, as the case is presented, that petitioners are entitled to the writ. We think we must assume in the absence of anything showing the contrary, that there was an imperative need of counsel in the case in which petitioners were employed. The board evidently acted in good faith, as did the counsel employed. The former county officer to whom the board was entitled to look for advice had advised that the prosecuting attorney was not required by law to attend to its business. The law had received that construction which had been acted upon for many years, and while the present county prosecutor in this instance may not have been requested to act, the presumption is he would have followed his predecessors in declining to do so. But however this may be the board had imperative need of counsel; there was no time to waste in controversy over the subject; and if its action was not properly predicated on this fact, we must presume it acted lawfully in employing petitioners, and in protecting the interest of the district committed to its charge. The law, certainly the law of this jurisdiction, is that a public officer is presumed to have done his duty until the contrary is shown. *Winslow* v. *Beal,* 6 Call 44, Anno. 1077.

Another point made is that defendant's office is ministerial, and that he has no jurisdiction or authority to refuse his signature when an order, as the one here in question, clearly is, is regular and lawful on its face, and there is no evidence of fraud or forgery justifying his rejection thereof. We need not decide this question, for relief is justified on other grounds.

We are of opinion, therefore, to award the peremptory writ, and it will be so ordered.

*Writ awarded.*