FRANK LIVELY *v.* THE BOARD OF EDUCATION OF KANAWHA COUNTY

(No. 8009)

Submitted July 24, 1934. Decided July 31, 1934.

*Robert S. Spilman,* for relator.
*D. J. Savage,* for respondent.

WOODS, PRESIDENT:

Relator seeks, by mandamus, to require the board of education of Kanawha county to issue, and the county superintendent of schools, as financial secretary, to countersign, a warrant in payment of legal services rendered at the behest of the board of education of Charleston Independent School District after the passage of chapter 8, Acts Extraordinary Session 1933, known as "County School Unit Act", the constitutionality of which was, at the time of relator's employment, being seriously questioned.

Respondents, on demurrer, take the position (1) that the independent school board was abolished on May 22, 1933, and that relator's employment on the day following was therefore void and of no effect; and (2) that, in any event, the petition failed to aver facts showing an existing necessity for the employment of counsel, in the absence whereof the prosecuting attorney was, under Code 1931, 7-4-1, the only authorized legal advisor.

Did the independent board have an existence subsequent to May 22, 1933?

The act, which was put in effect from passage, provides that the state superintendent of schools, on or before the first day of July, 1933, shall appoint a board of education for each county, whose members shall serve until their successors shall be elected and qualified, and that

"such interim board shall take office on July 1, 1933." Article 5, section 1. If, as contended for by the demurrant, the abolition of the several school districts of the state (article 1, section 3) automatically dissolved the respective boards of education, in whom did the management vest prior to July 1st, the date the new board was to "succeed and be subrogated to all the rights of former magisterial and independent district boards"? Article 5, section 5. We find nothing in the act which contemplates a vesting in any other agency during the period May 22nd to July 1, 1933. From a reading of the act, it seems plain to us that the legislature never intended that there should be a hiatus between the abolition of the old board and the accession of the new. We are of opinion therefore that the members of the old board continued as *de jure* officials until July 1, 1933, but even if this position were not well taken, they were, beyond peradventure, *de facto* officers.

It is quite generally recognized that when a public office is abolished by a duly constituted authority, the incumbent thereof ceased to be an officer, unless it is necessary to hold the persons assuming to act to be *de facto* officers to prevent great public injury. 46 C. J. 1054-5. An exception is also recognized in cases where offices have been created which have afterward been declared unconstitutional. *Burt* v. *Winona & St. Peter R. Co.*, 31 Minn. 472, 18 N. W. 285; *State* v. *Bailey*, 106 Minn. 138, 118 N. W. 676, 19 L. R. A. (N. S.) 775, 130 Am. St. Rep. 592, 16 Ann. Cas. 338.

In reference to the remaining point, we note from the pleading and exhibit resolution attached thereto that relator was employed for the purpose of advising the board of the effect of the County Unit Act upon certain properties held by it, including the City Library and Laidley Field; of representing it in certain impending litigation on behalf of patrons of the schools of the district, in which the constitutionality of the act was to be attacked; and of aiding it in having the act declared invalid.

While Code 1931, 7-4-1, provides that it shall be the duty of the prosecuting attorney "to advise, attend to,

bring, prosecute or defend * * * all matters, actions, suits and proceedings in which such county or any district board of education is interested", there is nothing therein to negative the right of the district or independent board to employ other counsel when, in its discretion, there is necessity therefor. *Mollohan* v. *Cavender*, 75 W. Va. 36, 83 S. E. 78. In the last-mentioned case, the court specifically held that absence of the prosecuting attorney, or his incapacity, sickness, or other disability, or his refusal to act amounted to such necessity.

One of the duties of the prosecuting attorney is to render aid to the state, and he is supposed to regard all laws as constitutional, until the same are declared to be otherwise. It would be his duty to advise the new board when it began to function. In other words, the independent board, in order to secure disinterested advice concerning its legal status, if any, must of necessity look elsewhere than to the prosecuting attorney.

So viewing the two questions on which this proceeding is bottomed, we direct the issuance of the writ.

*Writ awarded.*