583 S.E.2d 109

**Frank LONGWELL, Larry Ferrara, and William Kern, in Their Capacity as Citizens, Voters, Residents and Taxpayers of Marshall County, West Virginia, Plaintiffs Below, Appellants,**

v.

**The BOARD OF EDUCATION OF the COUNTY OF MARSHALL, a Corporation, Defendant Below, Appellee.**

No. 30987.

Supreme Court of Appeals of
West Virginia.

Submitted March 25, 2003.

Decided May 6, 2003.

Dissenting Opinion of Justice
McGraw July 3, 2003.

Concurring Opinion of Chief Justice
Starcher July 9, 2003.

Daniel J. Guida, Weirton, for the Appellants.

Thomas B. Miller, Schrader, Byrd & Companion, PLLC, Wheeling, for the Appellee.

**488**

DAVIS, Justice.

Several Marshall County Citizen Taxpayers appeal an order dismissing their legal action seeking a declaratory judgment and writ of mandamus. In dismissing the case, the Circuit Court of Marshall County concluded that county boards of education have the authority to hire legal counsel under W. Va.Code § 18–5–13(*l* ). The Marshall County Citizen Taxpayers argue on appeal that, because W. Va.Code § 7–4–1 imposes upon prosecuting attorneys a duty to represent boards of education, a board of education is compelled to rely upon prosecuting attorneys for legal representation and may hire legal counsel only when the prosecuting attorney fails to or cannot represent it. We agree with the circuit court's conclusion that county boards of education do have the authority to hire legal counsel without first establishing the necessity of such hiring. Consequently, the circuit court's order dismissing the action underlying this appeal is affirmed.

## I.

## FACTUAL AND PROCEDURAL HISTORY

On February 18, 2002, Frank Longwell, Larry Ferrara, and William Kern (hereinafter collectively referred to as "Marshall County Citizen Taxpayers") filed a complaint against the Marshall County Board of Education (hereinafter "the BOE") seeking a declaratory judgment and writ of mandamus. In their request for a declaratory judgment, the Marshall County Citizen Taxpayers asked the circuit court to decide, *inter alia*, whether the "Marshall County Board of Education[ ] violated West Virginia Code §§ 7–4–1 and/or 18–5–13(12), and any other applicable law, when it voted for, consented to or approved the expenditure of taxpayer or public funds for private counsel...." The Marshall County Citizen Taxpayers sought a writ of mandamus to require the Marshall County Board of Education "to rescind or void their vote for, consent to, or approval of, the ex-

penditure of taxpayer or public monies for private counsel...." [1]

Thereafter, the BOE filed a motion to dismiss under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure claiming that the Marshall County Citizen Taxpayers had failed to state a claim upon which relief could be granted. A hearing on the motion to dismiss was had on March 25, 2002. Following the hearing, on April 17, 2002, the circuit court granted the BOE's motion to dismiss. In granting the motion, the circuit court concluded, as a matter of law, that the BOE had "not violated *West Virginia Code 7–4–1, West Virginia Code 18–5–13(12)*, or any other applicable law, in its hiring of outside counsel in the instant case and on prior occasions." In reaching this conclusion, the circuit court expressly stated:

> Clearly, by both case law and statute, boards of education in West Virginia are allowed to employ "outside" legal counsel, and for the past thirty-plus years, this practice has been followed in most, if not all, of the counties in this state. This practice is necessary, in large part, due to the ever increasing and enormous complexity of the educational law found in Chapters 18 and 18A of the *West Virginia Code*, along with the increasing burdens placed upon county prosecuting attorneys.

It is from the April 17, 2002, order of the Circuit Court of Marshall County that the Marshall County Citizen Taxpayers now appeal.

## II.

## STANDARD OF REVIEW

This case is before this Court on appeal from an order of the circuit court granting the BOE's motion to dismiss under W. Va. R. Civ. P. 12(b)(6). "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d

1. The Honorable Mark A. Karl, Chief Judge of the Second Judicial Circuit, and the Honorable John T. Madden, Judge of the Second Judicial Circuit, both sought to voluntarily recuse themselves from this matter. By Administrative Order entered on March 13, 2002, this Court accepted their recusals and assigned the Honorable Fred L. Fox, II, Judge of the Sixteenth Judicial Circuit, to preside over the case.

516 (1995). In conducting our *de novo* review, we are mindful that

" ' "The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl., *Flowers v. City of Morgantown*, 166 W.Va. 92, 272 S.E.2d 663 (1980).' Syl. pt. 2, *Sticklen v. Kittle*, 168 W.Va. 147, 287 S.E.2d 148 (1981)." Syllabus, *Fass v. Nowsco Well Service, Ltd.*, 177 W.Va. 50, 350 S.E.2d 562 (1986).

Syl. pt. 2, *West Virginia Canine College, Inc. v. Rexroad*, 191 W.Va. 209, 444 S.E.2d 566 (1994).

## III.

## DISCUSSION

In this case we are asked to determine whether county boards of education are required to rely upon prosecuting attorneys to provide their legal services, reserving the right to hire their own legal counsel to only those circumstances when such a hiring is made necessary by virtue of the prosecuting attorney's inability or refusal to act on a board's behalf, or whether the boards may hire their own legal counsel even in the absence of such necessity.

The Marshall County Citizen Taxpayers argue that W. Va.Code § 7–4–1 (1971) (Repl. Vol.2000) [2] appoints the county prosecutor as statutory counsel for the county board of education. Therefore, the Marshall County Citizen Taxpayers reason, W. Va.Code § 18–5–13(*l*) (2002) (Supp.2002),[3] authorizes a county board of education to employ private legal counsel only when "necessary." W. Va.Code § 18–5–13(*l*) states simply that "[t]he boards, subject to the provisions of

this chapter and the rules of the state board, have authority: ... (*l*) To employ legal counsel." The Marshall County Citizen Taxpayers contend that this provision does not contemplate employment of private legal counsel by the BOE on a regular or continuing basis, unless necessity requires the same for each and every service provided. The Marshall County BOE responds by noting that even prior to the enactment of W. Va. Code § 18–5–13(*l*), county boards of education had the implied authority to hire legal counsel.

To decide whether a county board of education is authorized to hire its own lawyer, or whether it is bound to use its county's prosecutor, we begin by considering the prosecutors' duty in this regard. Unquestionably, county prosecutors in West Virginia have a duty to represent the various boards of education. *See* Syl. pt. 1, *Mollohan v. Cavender*, 75 W.Va. 36, 83 S.E. 78 (1914) ("It is the duty of the prosecuting attorney, imposed by section 49, chapter 39, Code [W. Va.Code ch 39, § 49, at 676 (1913) (Hogg 1914) (sec. 1602) ], to serve independent district boards of education as well as other district boards, as thereby prescribed."). W. Va.Code § 7–4–1 outlines the duties of prosecuting attorneys and states, in relevant part, that "[i]t shall also be the duty of the prosecuting attorney to ... advise, attend to, bring, prosecute or defend, as the case may be, all matters, actions, suits and proceedings in which ... any county board of education is interested." This duty has a long history. Since at least 1895, the West Virginia Code has contained a provision requiring prosecuting attorneys to represent boards of education. *See Acts of the Legislature, Reg. Sess.*, ch. 30, § 49, at 50 (1895) ("And it shall be the duty of the prosecuting attorney to attend to, bring, or prosecute, or defend, as the case may be, all actions, suits and proceedings in which his

---

2. W. Va.Code § 7–4–1 (1971) (Repl.Vol.2000) is titled "Duties of prosecuting attorney; further duties upon request of attorney general," and it provides, in relevant part, that "[i]t shall also be the duty of the prosecuting attorney to attend to civil suits in such county in which the State, or any department, commission or board thereof, is interested, and to advise, attend to, bring, prosecute or defend, as the case may be, all matters, actions, suits and proceedings in which such

county or any county board of education is interested."

3. W. Va.Code § 18–5–13 was amended during the course of the instant proceedings. At the time the action was filed, the above quoted text appeared at W. Va.Code § 18–5–13(12) (1997) (Repl.Vol.2000). In this opinion, we will primarily refer to the revised statute, which contains identical language.

county or any district board of education therein is interested, without additional compensation."). *See also* W. Va.Code ch. 39, § 49, at 317 (1899) (same). The question, then, is whether this duty of prosecuting attorneys imposes a correlative obligation on the part of the various boards of education to utilize the prosecuting attorney to serve its legal needs. This question was answered long ago.

As early as 1914, this Court concluded that the duty imposed on prosecutors to represent boards of education did not deprive independent district boards of education of the inherent right to hire counsel under certain circumstances. *See Mollohan v. Cavender*, 75 W.Va. 36, 83 S.E. 78. In *Mollohan*, a writ of mandamus was sought to compel the county superintendent to authorize payment to a lawyer who had been hired by an independent district board of education. The Court observed that the only statute on the subject was one requiring the prosecuting attorney to represent the district boards of education. *See* W. Va.Code ch 39, § 49, at 676 (1913) (Hogg 1914) (sec. 1602). After surveying how other courts had decided the issue, the *Mollohan* Court held, in Syllabus point two,

> But said section [ (W. Va.Code ch. 39, § 49, at 676 (1913) (Hogg 1914) (sec. 1602)) ] does not deprive such independent district boards of the implied power, to employ other counsel, or additional counsel to assist the prosecuting attorney, where, in their judgment and reasonable discretion the character of the business, or on account of the absence of the prosecuting attorney, or his incapacity, sickness, or other disability, or his refusal to act, there is necessity therefor.

Because the prosecuting attorney had consistently declined to represent the independent district board of education,[4] the Court concluded that the board was within its authority to hire counsel and granted the requested

writ. Thus, under *Mollohan*, a board's authority to hire counsel was limited to circumstances where private counsel was required due to "the absence of the prosecuting attorney, or his incapacity, sickness, or other disability, or his refusal to act." Syl. pt. 2, in part, *Mollohan*. It is noteworthy, however, that the Court found that the boards possessed this limited authority notwithstanding the fact that there was no express statutory support therefore, and where the board's charter did not include a "special provision for an attorney to advise it, or represent it in litigation begun or defended by it." *Mollohan*, 75 W.Va. at 37, 83 S.E. at 79.

This issue was again addressed in 1934 in the case of *Lively v. Board of Education*, 115 W.Va. 314, 175 S.E. 784 (1934). The *Lively* Court, relying on *Mollohan*, determined that the board of education had demonstrated that it was necessary for the board to hire counsel instead of relying on the prosecuting attorney where the legal matter for which counsel was hired involved challenging the constitutionality of an Act of the West Virginia Legislature, and to advise the board of its status under the challenged act. The Court noted that prosecuting attorneys are to "regard all laws as constitutional, until the same are declared to be otherwise." *Lively*, 115 W.Va. at 317, 175 S.E. at 785. Therefore, the Court concluded, "in order to secure disinterested advice concerning its legal status, if any, [the board] must of necessity look elsewhere than to the prosecuting attorney." *Id.*

The Marshall County Citizen Taxpayers encourage us to follow the foregoing cases and find that a county board of education may hire outside counsel only when necessary, as when the prosecuting attorney or his or her assistants are unable to perform their duties by reason of their: (1) absence; (2) refusal to act; (3) conflict of interest; (4) incapacity; (5) sickness; or (6) other disability or disqualification. The law that is pres-

4. The prosecuting attorney believed that his duty to represent district boards of education excluded independent district boards. To the contrary, however, this Court concluded that the duty imposed upon prosecutors required them to represent both independent district boards of education as well as the district boards of education.

*See* Syl. pt. 1, *Mollohan v. Cavender*, 75 W.Va. 36, 83 S.E. 78 (1914) ("It is the duty of the prosecuting attorney, imposed by section 49, chapter 39, Code [W. Va.Code ch 39, § 49, at 676 (1913) (Hogg 1914) (sec. 1602)], to serve independent district boards of education as well as other district boards, as thereby prescribed.").

ently in place, however, differs significantly from that in effect at the time *Mollohan* and *Lively* were decided. In 1971, the West Virginia Legislature amended the statute setting forth the authority granted to boards of education generally, and added the express authority "[t]o employ legal counsel." W. Va.Code § 18–5–13(10) (1971) (Repl.Vol. 1971).[5] The only limitation upon this authority is that it is "subject to the provisions of [chapter 18 of the West Virginia Code] and the rules of the state board." W. Va.Code § 18–5–13.[6]

 We may presume that, when it originally enacted the code section that is now identified as W. Va.Code § 18–5–13(*l* ), the Legislature was familiar with this Court's holdings in *Mollohan* and *Lively* ruling that boards of education possessed the inherent authority to hire their own counsel, but only when required by necessity.

> " ' "A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; *it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether* constitutional, statutory *or common*, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent therewith." ....' " Syl. Pt. 2, *State ex rel. Hall v. Schlaegel*, 202 W.Va. 93, 502 S.E.2d 190 (1998).

Syl. pt. 11, *Rice v. Underwood*, 205 W.Va. 274, 517 S.E.2d 751 (1998) (some internal citations omitted). Thus, we find compelling the fact that W. Va.Code § 18–5–13(*l* ) was enacted without any express requirement for necessity imposed upon the authority of the boards to hire legal counsel, notwithstanding the fact that such a requirement had been imposed under the common law. Because the Legislature chose to omit the requirement for necessity, it may not be imposed upon the statute by this Court.

"[I]t is not for [courts] arbitrarily to read into [a statute] that which it does not say. Just as courts are not to eliminate through judicial interpretation words that were purposely included, *we are obliged not to add to statutes something the Legislature purposely omitted.*" *Banker v. Banker,* 196 W.Va. 535, 546–47, 474 S.E.2d 465, 476–77 (1996) (*citing Bullman v. D & R Lumber Company,* 195 W.Va. 129, 464 S.E.2d 771 (1995); *Donley v. Bracken,* 192 W.Va. 383, 452 S.E.2d 699 (1994)). ( [E]mphasis added). *See State ex rel. Frazier v. Meadows,* 193 W.Va. 20, 24, 454 S.E.2d 65, 69 (1994). Moreover, "[a] statute, or an administrative rule, may not, under the guise of 'interpretation,' be modified, revised, amended or rewritten." Syl. pt. 1, *Consumer Advocate Division v. Public Service Commission,* 182 W.Va. 152, 386 S.E.2d 650 (1989). *See Sowa v. Huffman,* 191 W.Va. 105, 111, 443 S.E.2d 262, 268 (1994).

*Williamson v. Greene,* 200 W.Va. 421, 426–27, 490 S.E.2d 23, 28–29 (1997). *Cf.* Syl. pt. 2, *Butler v. Rutledge,* 174 W.Va. 752, 329 S.E.2d 118 (1985) (" 'The Legislature must be presumed to know the language employed in former acts, and, if in a subsequent statute on the same subject it uses different language in the same connection, the court must presume that a change in the law was intended.' Syl. pt. 2, *Hall v. Baylous,* 109 W.Va. 1, 153 S.E. 293 (1930)").

The Marshall County Citizen Taxpayers argue additionally that W. Va.Code § 18–5–13(*l* ) should be read *in para materia* with W. Va.Code § 7–4–1, the statute that requires prosecuting attorneys to represent county boards of education. In order to give effect to both statutes, they reason, county boards should be permitted to hire legal counsel only when one of the criteria for necessity they proposed is met. We disagree.

 This Court has held that "[s]tatutes which relate to the same persons or things, or to the same class of persons or things, or

---

**5.** This provision now appears in the West Virginia Code at § 18–5–13(*l* ) (2002) (Supp.2002). For ease of reference, we will henceforth refer only to the newer version of this provision.

**6.** See *supra* note 5 for an explanation of why we cite W. Va.Code § 18–5–13.

statutes which have a common purpose will be regarded in *pari materia* to assure recognition and implementation of the legislative intent." Syllabus Point 5, in part, *Fruehauf Corp. v. Huntington Moving & Storage Co.*, 159 W.Va. 14, 217 S.E.2d 907 (1975). However, we have also explained that

"to say that because several statutes relate to the same subject, they must always be read in *pari materia* is an oversimplification of the rule. First, it is apparent that what is meant by statutes relating to the same subject matter is an inquiry that is answered by how broadly one defines the phrase 'same subject matter.' Second, the application of the rule of in *pari materia* may vary depending on how integral the statutes are to each other. The rule is most applicable to those statutes relating to the same subject matter which are passed at the same time or refer to each other or amend each other. A diminished applicability may be found where statutes are self-contained and have been enacted at different periods of time. *See generally* 2A Sutherland Statutory Construction Sec. 51.01 (4th ed.1973). Finally, 'a related statute cannot be utilized to create doubt in an otherwise clear statute.'" *Berkeley County Public Service Sewer Dist. v. West Virginia Public Service Comm'n*, 204 W.Va. 279, 287, 512 S.E.2d 201, 209 (1998) (citations omitted).

*Leary v. McDowell County Nat'l Bank*, 210 W.Va. 44, 50, 552 S.E.2d 420, 426 (2001). While W. Va.Code §§ 18–5–13(*l*) and 7–4–1 are both related to legal services being provided to county boards of education, we do not believe the connection between the two statutes is such that the in *pari materia* rule should apply. Moreover, we have held that " '[t]he rule that statutes which relate to the same subject should be read and construed together is a rule of statutory construction and does not apply to a statutory provision which is clear and unambiguous' Syllabus Point 1, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951)." Syl. pt. 4, *Manchin v. Dunfee*, 174 W.Va. 532, 327 S.E.2d 710 (1984). W. Va.Code § 18–5–13(*l*) is plainly expressed, and does not include any require-

ment for necessity before a board of education may exercise its authority to hire legal counsel.

" 'Where the language of a statute is free from ambiguity, its plain meaning is to be accepted and applied without resort to interpretation.' Syl. Pt. 2, *Crockett v. Andrews*, 153 W.Va. 714, 172 S.E.2d 384 (1970)." Syllabus point 4, *Syncor International Corp. v. Palmer*, 208 W.Va. 658, 542 S.E.2d 479 (2001).

Syllabus point 4, *Charter Communications VI, PLLC v. Community Antenna Serv., Inc.*, 211 W.Va. 71, 561 S.E.2d 793 (2002). Moreover, we find no conflict between the two statutes requiring the application of a rule such as in *pari materia*.

■■■ W. Va.Code § 7–4–1 imposes a duty on prosecuting attorneys to represent county boards of education, while W. Va. Code § 18–5–13(*l*), in plain language, grants county boards the authority to hire legal counsel. Obviously, the Legislature's intent is that the Board exercise its discretion in determining whether to utilize the services of the county prosecuting attorney or to hire legal counsel.

" ' "The primary object in construing a statute is to ascertain and give effect to the intent of the legislature." Syllabus Point 1, *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 219 S.E.2d 361 (1975).' Syllabus point 2, *Anderson v. Wood*, 204 W.Va. 558, 514 S.E.2d 408 (1999)." Syllabus point 2, *Expedited Transportation Systems, Inc. v. Vieweg*, 207 W.Va. 90, 529 S.E.2d 110 (2000).

Syl. pt. 1, *Rhodes v. Workers' Comp. Div.*, 209 W.Va. 8, 543 S.E.2d 289 (2000). In accordance with the foregoing analysis, we hold that when a county board of education is in need of legal services, it may exercise its own discretion in determining whether to utilize the services of the county prosecuting attorney, who has a duty to represent it under W. Va.Code § 7–4–1 (1971) (Repl.Vol.2000), or to hire its own legal counsel pursuant to West Virginia Code § 18–5–13(*l*) (2002) (Supp. 2002).[7]

**7.** The Marshall County Citizen Taxpayers raise

an additional issue, but confess that it was not

Finally, the Marshall County Citizen Taxpayers argue that the BOE's authority to hire legal counsel, under W. Va.Code § 18–5–13(*l*) is limited by the BOE's duty, pursuant to W. Va.Code § 18–5–13(a), to "conserve the funds, which shall be considered quasi-public moneys...." This duty does not foreclose the authority of boards of education to hire legal counsel, it merely provides guidance for the board in exercising its discretion to determine whether independent counsel is required. Indeed, there may be numerous considerations, other than merely financial ones, that play into a board's decision whether to utilize the prosecuting attorney or to hire independent counsel.

## IV.

## CONCLUSION

For the reasons expressed in the body of this opinion, the circuit court's order is affirmed.

Affirmed.

Chief Justice STARCHER concurs.

Justice McGRAW dissents.

McGRAW, J., dissenting.

(Filed July 3, 2003)

Despite the majority's conclusion to the contrary, I do not believe *W.Va.Code* § 18–5–13(*l*) can be read and applied in a vacuum so as to afford county boards of education the unfettered discretion to expend precious public funds for the purpose of hiring legal counsel to represent them in the most general and routine matters. Rather, *W.Va.Code* § 7–4–1 states "[i]t *shall* ... be the duty of the prosecuting attorney ... to advise, attend to, bring, prosecute or defend, as the case may be, all matters, actions, suits and proceedings in which ... any county board of education is interested." *Id.*, in relevant part. As a constitutional officer, a prosecuting attorney "subjects himself to all constitu-

tional and legislative provisions relating to the office, and undertakes to perform all the duties imposed on its occupant; and while he remains in such office he must perform all such duties." *State ex rel. Preissler v. Dostert,* 163 W.Va. 719, 730, 260 S.E.2d 279, 286 (1979). Included among the prosecuting attorney's duties is the duty to represent the county board of education, pursuant to *W.Va. Code* § 7–4–1. In my view, boards should look elsewhere for legal counsel only upon necessity or when special circumstances so warrant.

For the record, the appellant citizen taxpayers disclosed to this Court the once poorly-kept secret that literally millions of dollars in public funds have been and continue to be spent on the hiring of lawyers who have no statutory or constitutional duty to act for the public good. *See Dostert, supra.* Because, in my view, a county board of education's hiring of outside counsel should be the exception rather than the rule, I respectfully dissent from the majority's opinion.

STARCHER, C.J., concurring.

(Filed July 9, 2003)

I join in the Court's opinion. I write separately to suggest that the prosecuting attorney's role in our county governance scheme, which includes the statutory duty to represent the board of education, gives the prosecuting attorney's office at a minimum the right to be "in the loop"—when the county board of education is involved in litigation. *Cf. State ex rel. McGraw v. Burton,* 212 W.Va. 23, 569 S.E.2d 99 (2002) (attorney general is the State's chief legal officer, and must be involved when State appears before tribunals). If a prosecutor exercises this right, and monitors cases where the county board is involved in litigation, it might in the long run lead to reduced litigation costs.

---

addressed by the Circuit Court. Such an issue is not proper for our review.

" ' "In the exercise of its appellate jurisdiction, this Court will not decide nonjurisdictional questions which were not considered and decided by the court from which the appeal has been taken." Syllabus Point 1, *Mowery v. Hitt,*

155 W.Va. 103[, 181 S.E.2d 334] (1971).' Syl. pt. 1, *Shackleford v. Catlett,* 161 W.Va. 568, 244 S.E.2d 327 (1978)." Syllabus point 3, *Voelker v. Frederick Business Properties Co.,* 195 W.Va. 246, 465 S.E.2d 246 (1995).

Syl. pt. 7, *In re Michael Ray T.,* 206 W.Va. 434, 525 S.E.2d 315 (1999).