**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**June 8, 2016**
released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PAMELA JEAN HAYES,**
**Plaintiff Below, Petitioner**

**vs.) No. 15-0518 (Upshur County Civil Action No. 14-C-123)**

**LARRY BRADY AND**
**DAWNA MICHELLE BOONE BRADY,**
**Defendants Below, Respondents**

**MEMORANDUM DECISION**

Petitioner, plaintiff below, Pamela Jean Hayes ("Ms. Hayes"), appeals from an order of the Circuit Court of Upshur County, West Virginia, granting the motion of the Respondents, defendants below, Larry Brady and Dawna Michelle Boone Brady ("the Bradys"), to dismiss Ms. Hayes' complaint on grounds that her claims were *res judicata*.[1] The order further denied Ms. Hayes' motion for relief from judgment in a prior action on grounds that Ms. Hayes' allegations in support of the motion were immaterial and thus insufficient to establish fraud, accident, or mistake.

This Court has considered the parties' briefs and oral arguments, as well as the record on appeal. Upon consideration of the standard of review and the applicable law, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

On March 13, 2013, Ms. Hayes filed a *pro se* complaint against the Bradys, Case No. 13-C-29, seeking injunctive relief. Ms. Hayes alleged that she had a longstanding right-of-way across the Bradys' property, which had been blocked by the Bradys, thus denying her access to her own property. In their answer, the Bradys denied that the right-of-way in question crossed their property, alleging that "the right-of-way described by [Ms. Hayes] in her complaint links [Ms. Hayes'] property with the public highway without going across properties of [the Bradys]."

---

[1]Ms Hayes is represented in this appeal by J. Burton Hunter, III. The Bradys are represented by Trena Williams.

1

The parties proceeded with discovery and filed cross motions for summary judgment, both of which were denied by the circuit court. Ms. Hayes filed a motion to amend the complaint, which was granted over objection; the amended complaint sought damages as well as injunctive relief, but did not assert any additional causes of action. On March 20, 2014, the case was tried to the circuit court on one theory only: that Ms. Hayes' deed to her property contained a right-of-way across the Bradys' property, said right-of-way originally established in a 1924 predecessor deed and contained in every deed thereafter. In this regard, it should be noted that, although the court had precluded Ms. Hayes from moving any exhibits into evidence as a sanction for her failure to provide an exhibit list, Ms. Hayes was not prejudiced because the circuit court took judicial notice of all the deeds in her chain of title. The Bradys contended that the language in the 1924 deed established nothing more than a personal license, not a right-of-way.

At the conclusion of Ms. Hayes' case-in-chief, the court granted the Bradys' motion for judgment as a matter of law. In its order entered on September 29, 2014, the circuit court first quoted the relevant language from the November 7, 1924, deed from W.E. Boone to Robert Boone:

> The said parties of the first part also reserve the right of egress
> and regress over and through the above described tract of land
> to and from a tract of land now owned by them lying east of this
> tract.

Painstakingly tracking Ms. Hayes' chain of title from the 1924 Boone deed forward, the circuit court found that the first deed to contain any more descriptive language concerning the "right of egress and regress" was a deed from Gary Samples to Glenn Samples dated December 1, 1990:

> For the aforesaid consideration, there is further granted and
> conveyed unto the said party of the second part a right of way
> for ingress and egress from the Wilsontown Road to the tract
> herein conveyed over and across the present roadway, said right
> of way being heretofore conveyed to A.M. Samples in a deed
> from Okey Boone, et ux. . . .

The circuit court noted that the exact language in the Samples deed was the language set forth in Ms. Hayes' deed, dated June 21, 1994, wherein she purchased the property from Glenn Samples.

The circuit court held that Ms. Hayes' case failed because the language of the

2

1924 deed was insufficient as a matter of law to establish a right-of-way, as it contained no information as to the location of the right-of-way, its starting or ending points, or its dimensions; and it had no information as to physical and/or external markers from which such location could be inferred. "Given the utterly vague and ambiguous description contained within the deed, there is simply no indication of where the contemplated right of way once existed or if it is the same right-of-way now sought by [Ms. Hayes]." The circuit court acknowledged that Ms. Hayes' deed specifically references a right-of-way from Wilsontown Road across the present roadway on the Bradys' property, but held that Ms. Hayes' grantor, Glenn Samples, "may not give away that which one does not have." In short, Mr. Samples could not expand upon or enlarge the right-of-way originally conveyed from W. E. Boone to Robert Boone in 1924.

At the conclusion of its order, the circuit court noted that "this ruling does not touch upon the issues of presumptive easement and easement by necessity. These issues were not pled or identified in [Ms. Hayes'] Complaint or Amended Complaint and are not properly before the Court at this time."

Ms. Hayes did not appeal the circuit court's ruling. Instead, she retained counsel and, on November 25, 2014, filed a second lawsuit against the Bradys, Case No. 14-C-123, titled "Civil Complaint and Motion for Relief Under Rule 60(b)(1)." In her complaint, Ms. Hayes alleged that the location of her right-of-way could be established "through documentary evidence, testamentary evidence, and a view of the property"; that if Ms. Hayes does not have a right-of-way, she could establish her entitlement to a way of necessity; and that she was entitled to relief from the judgment in the earlier case, No. 13-C-29, because the court's decision was based on the Bradys' mistake or misrepresentation that "the Wilsontown Road was different than the Salem Ridge Road." The Bradys filed a motion to dismiss, alleging that the matters set forth in the lawsuit were barred by the doctrine of *res judicata*.

On April 27, 2015, following a hearing and review of the record in No. 13-C-29, the court granted the Bradys' motion to dismiss, finding that Ms. Hayes had a full and fair opportunity to litigate all of her claims in the earlier case and that the claims were therefore *res judicata*. The court further denied Ms. Hayes' motion for relief under Rule 60(b)(1) of the West Virginia Rules of Civil Procedure, finding that the alleged mistake or misrepresentation by the Bradys at trial "had no impact on the Court's finding that the original attempted reservation in the [Boone] deed . . . was insufficient as a matter of law."

3

This appeal followed.[2]

With respect to the circuit court's ruling on the Bradys' motion to dismiss, "'"[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is de novo." Syllabus point 3, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc*., 194 W. Va. 770, 461 S.E.2d 516 (1995).' Syl. Pt. 1, *Longwell v. Bd. of Educ. Of the Cnty. Of Marshall*, 213 W. Va. 486, 583 S.E.2d 109 (2003)." Syl. pt. 5, *Malone v. Potomac Highlands Airport Auth.*, No. 14-0849, 2015 WL 5928513, ___ W. Va. ___, ___ S.E.2d ___ (October 7, 2015).

"The doctrine of *res judicata* is based on a recognized public policy to quiet litigation and on a desire that individuals should not be forced to litigate an issue more than once." *White v. SWCC*, 164 W. Va. 284, 289, 262 S.E.2d 752, 756 (1980) (citing *Marguerite Coal Co. v. Meadow River Lumber Co.*, 98 W. Va. 698, 127 S.E. 644 (1925)). The test to determine whether a lawsuit may be barred on the basis of *res judicata* was established by this Court in *Blake v. Charleston Area Medical Center, Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997), wherein we held at Syllabus point 4 that,

> [b]efore the prosecution of a lawsuit may be barred on the basis of *res judicata*, three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

In the instant case, the first two elements are beyond dispute; the only question for resolution is whether the causes of action asserted by Ms. Hughes in Case No. 14-C-123 were identical to those in the earlier case, No. 13-C-29, or were such that they could have been presented in the earlier case. *See, e.g., State ex rel. Small v. Clawges*, 231 W. Va. 301, 745 S.E.2d 92 (2013) (finding plaintiffs' claims should have been raised as a compulsory

---

[2]For reasons that are not clear, subsequent to filing his notice of appeal with this Court on May 22, 2015, Ms. Hayes' counsel filed a motion for reconsideration with the court below. The record does not indicate that the court ever acted on this motion, having no jurisdiction to do so during the pendency of the instant appeal.

counterclaim in earlier federal court proceedings and were therefore barred by *res judicata* in subsequent state court suit); *Beahm v. 7-Eleven, Inc.*, 223 W. Va. 269, 276, 672 S.E.2d 598, 605 (2008) (observing that, although plaintiffs' claims of nuisance and trespass had not been raised in earlier federal court suit, claims nonetheless were barred because "they arose out of the same core of operative facts as all of the other claims [in the federal suit]."); Syl. pt. 3, *Downing v. Ashley*, 193 W. Va. 77, 454 S.E.2d 371 (1994) (Per curiam) (holding, in part, that *res judicata* is a bar "not only as to the matters actually determined, but as to every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the litigation" (internal quotations and citations omitted)).

Ms. Hayes argues that her case falls within one or more exceptions to the general rule governing application of the doctrine of *res judicata*. First, she contends that because "the two cases require substantially different evidence to sustain them, the second cannot be said to be the same cause of action and barred by *res judicata*." *White*, 164 W. Va. at 290, 284 S.E.2d at 756. We disagree that Ms. Hayes' case falls within this exception. All of the causes of action in the two suits relate to one core issue: does Ms. Hayes have an enforceable right, whether by virtue of her deed or otherwise, to utilize a private road on the Bradys' property in order to access her own property? Regardless of whether some additional evidence might be required to prove way of necessity or prescriptive easement, theories of recovery not raised in the first suit, that evidence cannot be fairly said to be "substantially different" so as to permit Ms. Hayes to hale the Bradys into court to relitigate the core issue adjudicated in the initial suit. *Id.*

Second, Ms. Hayes argues the trial judge in her initial case effectively foreclosed any *res judicata* defense in the second case by specifically noting that its "ruling does not touch upon the issues of prescriptive easement and easement by necessity. . . ," as those issues were not pled and were therefore not before the court. This argument requires little discussion. We do not read the language in the court's order to be an invitation for Ms. Hayes to file another lawsuit against the Bradys, let alone a prejudgment of the Bradys' anticipated defense thereto.

Third, Ms. Hayes contends that *res judicata* should not bar her claims in the second suit because the Bradys were guilty of fraud, mistake, concealment, or misrepresentation in the initial suit. Specifically, Ms. Hayes claims that the Bradys' attorney "proffered"[3] to the circuit court, at some point prior to or during the trial, that there were two

---

[3]From the record before us, this Court cannot ascertain the basis upon which
(continued...)

5

separate roads from which Ms. Haynes could arrange ingress and egress, whereas, in fact, Salem Ridge Road and Wilsontown Road are one and the same. Had the court understood this, Ms. Hayes argues, it would have decided the initial case in her favor.[4] Again, we disagree. There is no evidence in the appendix record that the Bradys' attorney ever made such a "proffer," and, even if she had, the existence of the road or roads in question was wholly irrelevant to the court's decision, which was based solely on the language in the 1924 deed. In any event, while Ms. Hayes' "proffer" argument is relevant to the Rule 60(b)(1) issue, which is discussed in more detail below, it is not relevant to the *res judicata* issue. As this Court has noted,

> an exception to the preclusion of claims that previously could have been determined exists where the party bringing the subsequent lawsuit claims that fraud, mistake, concealment, or misrepresentation by the defendant of the second suit *prevented the subsequent plaintiff from earlier discovering or litigating his/her claims*.

*Blake*, 201 W. Va. at 477, 498 S.E.2d at 49 (emphasis added; citations omitted). In the instant case, Ms. Hayes makes no claim that the evidence she seeks to introduce was unavailable or unknown to her in the initial case as a result of anything the Bradys did. Therefore, the alleged "proffer" by the Bradys, even if established, does not bring this case within the fraud exception to the doctrine of *res judicata*.

Fourth, and finally, Ms. Hayes contends that *res judicata* should not bar her claims in the second suit because she was a pro se litigant in the initial case and did not have the skill and expertise to properly present her case. The court below addressed this contention in his order granting the Bradys' motion to dismiss and denying Ms. Hayes' Rule 60(b) motion for relief from judgment:

---

[3](...continued)
Ms. Hayes' counsel describes these alleged statements as a proffer; the court granted judgment as a matter of law at the conclusion of Ms. Hayes' case-in-chief, and, thus, the Bradys never put on any evidence by proffer or otherwise. *See generally State ex rel. Miller v. Parker*, 231 W. Va. 65, 70, 743 S.E.2d 876, 881 (2013) (discussing proffers and collecting cases).

[4]Although it is not entirely clear from either the written or oral arguments of the parties, it appears that any factual dispute concerning roads is relevant to whether or not Ms. Hayes' property is in fact landlocked. In the Bradys' pleadings in the initial case, they stated, without explanation, that Ms. Hayes had alternate means of access to her property.

In the [initial] case, the Court took the necessary steps and made reasonable accommodations to ensure that the matter was adjudicated on the merits. [Ms. Hayes] presented her case-in-chief at trial and attempted to establish that she was conveyed an easement over [the Bradys'] property. The Court took judicial notice of the deeds associated with [Ms. Hayes'] chain of title. The Court cannot instruct [Ms. Hayes] on what legal theories to pursue, what witnesses to call, or what questions to ask. [Ms. Hayes'] unfamiliarity with legal proceedings is a natural risk of proceeding without an attorney.

Under the facts and circumstances of this case, we agree with the circuit court's reasoning. Although it cannot be denied that a *pro se* litigant is at a disadvantage when litigating a case against a party represented by counsel, the record in this case does not support a finding that Ms. Hayes did not have a fair trial in the initial case.

With respect to the circuit court's ruling on Ms. Hayes' Rule 60(b)(1) motion for relief from judgment, this Court has held that "'[a] motion to vacate a judgment made pursuant to Rule 60(b), W. Va. R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion.' Syllabus Point 5, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974)." Syl. pt. 1, *Builders' Serv. & Supply Co. v. Dempsey*, 224 W. Va. 80, 680 S.E.2d 95 (2009).

The relevant portions of Rule 60(b) of the West Virginia Rules of Civil Procedure provide that

[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause . . . (3) fraud (whether heretofore denominated intrinsic of extrinsic), misrepresentation, or other misconduct of an adverse party. . . .

In this case, Ms. Hayes again claims that the Bradys' attorney's alleged proffer with respect to the existence of two separate roads constitutes mistake, at best, and misrepresentation and/or fraud, at worst. Further, Ms. Hayes again claims that, absent this mistake, misrepresentation, and/or fraud, the trial judge would have realized that her property is landlocked and would have ruled in her favor.

7

We begin by noting that Ms. Hayes raised her Rule 60(b) claims not by motion, but by an independent action.[5] This Court has held that "[t]he definition of an independent action as contemplated in W. Va. R. Civ. P. 60(b) is an equitable action that does not relitigate the issues of the final judgment order or proceeding from which relief is sought and is one that is limited to special circumstances." Syl. pt. 2, *N.C. v. W.R.C.*, 173 W. Va. 434, 317 S.E.2d 793 (1984). We also have held:

> "In order to obtain relief from a final judgment order or proceeding through an independent action, the independent action must contain the following elements: (1) the final judgment, order or proceeding from which relief is sought must be one that, in equity and good conscience, should not be enforced; (2) the party seeking relief should have a good defense to the cause of action upon which the final judgment order or proceeding is based; (3) there must have been fraud, accident or mistake that prevented the party seeking relief from obtaining the benefit of his defense; (4) there must be absence of fault or negligence on the part of the party seeking relief; and (5) there must be no adequate legal remedy." Syllabus point 3, *N.C. v. W.R.C.*, 173 W. Va. 434, 317 S.E.2d 793 (1984).

Syl. pt. 2, *Downing v. Ashley*, 193 W. Va. 77, 454 S.E.2d 371.

Reviewing the facts of this case under the standards set forth in *N.C.* and *Downing*, we conclude that the court below did not abuse its discretion in denying Ms. Hayes' request for relief from the judgment entered in the initial case, No. 13-C-29. As discussed earlier, whether or not Salem Ridge Road and Wilsontown Road were one and the same was completely irrelevant to the circuit court's decision, which was based solely on the language contained in the 1924 deed from W.E. Boone to Robert Boone.[6] Under the facts and circumstances of this case, we conclude that here, as in *Downing*, "the elements for proceeding with an independent action are not met. The order below is not unconscionable.

---

[5]Rule 60(b) provides, in part, that "[w]rits of coram nobis, coram vobis, petitions for rehearing, bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed by these rules *or by an independent action*." (Emphasis added).

[6]Whether or not the circuit court's ruling was correct is immaterial, as "[a]n erroneous ruling of the court will not prevent the matter from being res judicata." *Blake*, 201 W. Va. at 477, 498 S.E.2d at 49 (internal quotations and citations omitted).

More importantly, the plaintiff failed to appeal the portions of the [2014] order, which she now raises. This suit cannot be brought in lieu of an appeal to this Court." 193 W. Va. at 81, 454 S.E.2d at 375 (emphasis added). Further,

> [t]hese facts not only invalidate the claim as an independent action, but also bar this suit under the doctrine of *res judicata. . . .*

> . . . All issues raised in the case at bar were either actually determined by the earlier suit or should have been fully litigated, including an appeal to this Court, at that time.

*Id.* at 81, 454 S.E.2d at 375.

We decline to address the third issue raised by Ms. Hayes, denial of due process and equal protection, as her "argument" on this issue consisted solely of typing out the texts of the Fifth and Fourteenth Amendments to the United States Constitution. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that,

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . .[, and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, "Re: Filings That Do Not Comply With the Rules of Appellate Procedure," Chief Justice Menis E. Ketchum specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal, . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, Ms. Hayes' brief is inadequate with respect to the constitutional issue, as it fails to comply with the Rules of Appellate Procedure and this Court's Administrative Order. Thus, we decline to address this assignment of error as it was not properly developed on appeal.

In summary, we conclude that Ms. Hayes failed to present evidence sufficient to bring her case within any recognized exceptions to the doctrine of *res judicata* and that the

court below did not abuse its discretion in denying her request for relief under Rule 60(b). Accordingly, we affirm the judgment of the Circuit Court of Upshur County.

Affirmed.

**ISSUED:** June 8, 2016

**CONCURRED IN BY:**
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING AND WRITING SEPARATELY:**

Chief Justice Ketchum, dissenting:

I dissent from the majority's finding that *res judicata* bars the plaintiff's lawsuit. Her two lawsuits did not allege the "same cause of action" because they involve completely different evidence. Further, the majority's strict enforcement of *res judicata* plainly defeats the ends of justice.

In her first lawsuit, the pro se plaintiff asked the court to prohibit the defendant from blocking the road to her land, one she had used for many years. This first lawsuit was based on an alleged express easement contained in her deeds. As the majority states: "the case was tried . . . on *one theory only*: that [plaintiff's] *deed* to her property contained a right-of-law across the [defendants'] property[.]" (Emphasis added). The plaintiff's first lawsuit did not include a claim for an implied easement, i.e., a way of necessity or prescriptive

10

easement. Indeed, the circuit court noted that its ruling against the plaintiff "does not touch upon the issues of [prescriptive] easement and easement by necessity."

In the second lawsuit, the plaintiff sought relief based on an implied easement. The majority finds this second lawsuit is barred by *res judicata*. There are two reasons *res judicata* does not bar the plaintiff's second lawsuit:

1) In *Blake v. CAMC*, 201 W.Va. 469, 476, 498 S.E.2d 41, 48 (1997), our Court clearly stated that: "if the two cases require substantially different evidence to sustain them, the second cannot be said to be the same cause of action and barred by *res judicata*." (Quotations and citations omitted).

The plaintiff's first lawsuit only required the interpretation of the deeds in her chain of title. However, the evidence in her second lawsuit has nothing to do with her chain of title. The plaintiff's second lawsuit was based on implied easements, i.e., a prescriptive easement or way of necessity. Prescriptive easements deal with evidence on how long a party has used a roadway. Ways of necessity deal with evidence as to the complete lack of access to a party's land. Again, neither involve evidence regarding an express easement contained in a deed.

2) *Blake v. CAMC* also makes clear that "even though the requirements of *res judicata* may be satisfied, we do not rigidly enforce [this doctrine] where to do so would plainly defeat the ends of justice." *Id.* at 478, 498 S.E.2d at 50 (quotations and citations omitted).

11

The plaintiff is being unfairly deprived of a road to her property that she has used for many years. There are claims that this road is the only access she has to her property. Justice plainly requires that she be allowed to present evidence of a prescriptive easement or way of necessity.

In short, the evidence required to prove the plaintiff's second lawsuit seeking an implied easement is completely different from the evidence required to prove an express easement sought in the first lawsuit. Furthermore, justice requires that the plaintiff be allowed to submit evidence of an implied easement.

Therefore, I dissent.