317 S.E.2d 793

**N.C.**

v.

**W.R.C.**

No. 15850.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 13, 1983.

Decided March 2, 1984.

Rehearing Denied April 11, 1984.

W.H. Ballard, II, Ballard & Brumfield, Welch, for appellant.

C. Thomas Seay, Camper & Seay, Welch, for appellee.

McHUGH, Chief Justice:

This action is before this Court upon the appeal of W.R.C., the appellant and petitioner below, from an order of the Circuit Court of McDowell County in which that court dismissed the appellant's petition seeking various relief from his second divorce from N.C., the appellee. Pursuant to Rule 18 of the Rules of Appellate Procedure West Virginia Supreme Court of Appeals, the appellee has moved this Court to dismiss the appellant's appeal upon the ground that this Court lacks jurisdiction to grant the appellant relief.[1]

The facts may be briefly stated: On February 20, 1980, the appellant and the appellee were married. In November, 1980, they were granted a divorce upon the ground of irreconcilable differences. However, after the divorce, the parties continued to have sexual relations and, upon learning that the appellee was pregnant, the parties were remarried in March, 1981, in Virginia.

On November 16, 1981, the appellee once again filed for divorce upon the ground of irreconcilable differences and the next day gave birth to the child. During the second divorce proceeding between the parties, the appellant did not employ counsel nor did he answer the complaint, however, he appeared at the final hearing at which time he did not contest the paternity of the child. In a final order entered December 15, 1981, the Circuit Court of McDowell County granted a divorce to the parties, awarded the appellee custody of the child and ordered the appellant to pay alimony and child support.

On August 26, 1982, over eight months after the second divorce order was entered, the appellant petitioned the Circuit Court of McDowell County for relief from his second divorce because "said divorce was obtained by fraud and deceit and upon the

---

1. Rule 18(a) of the *Rules of Appellate Procedure* provides, in part, as follows:

 At any time after the granting of an appeal, any party to the action appealed from may move the Supreme Court to dismiss the appeal on any of the following grounds: (1) failure to properly perfect the appeal; (2) failure to obey an order of the Court; (3) failure to comply with these rules; (4) lack of an appealable order, ruling, or judgment; or (5) lack of jurisdiction.

fraudulent testimony of the plaintiff." The appellant sought relief from paying child support. He also sought an annulment of the second marriage between the parties upon the statutory ground that the appellee was pregnant with the child of another man at the time of the remarriage. *See W.Va.Code,* 48–2–1 *et seq.* The appellant further moved the trial court to join as a third party to the action the appellee's former employer whom the appellant alleges is the true father of the child; and that all parties be required to submit to blood grouping tests to determine the true paternity of the child.

Without responsive pleadings, the trial court, in an order entered October 6, 1982, dismissed the appellant's petition for relief from his second divorce and held (1) that the appellee's former employer could not be joined as a third party to the action because that would be "tantamount to a bastardy proceeding" by the appellant against the third-party defendant and under the provisions of *W.Va.Code,* 48–7–1 [1969] [2], only an unmarried woman or a married woman who delivers a child after living separate and apart from her husband for the space of one year or more may initiate such an action; and (2) that the appellant was not entitled to an annulment through the use of blood grouping tests to determine the paternity of the child because there is no statutory authority for a trial court to order such tests in a divorce proceeding. The trial court further held that an alleged lack of physical resemblance between the child and the appellant was not sufficient ground to warrant an annulment because the appellant had admitted access to the appellee prior to their remarriage and, in fact, had admitted having sexual intercourse with her.

In another order entered October 6, 1982, the trial court found the appellant to be in contempt of court for his failure to pay arrearages of alimony and child support and ordered the appellant to pay such arrearages in reasonable monthly installments when he became gainfully employed. In the meantime, the trial court reduced the appellant's total monthly alimony and child support obligations.

In support of her motion to dismiss this appeal, the appellee argues that although it was not designated as such, the appellant's petition for relief from his second divorce, filed August 26, 1982, was, in substance, a motion for relief from a final judgment, order or proceeding pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure.[3] The appellee asserts, therefore, that inasmuch as the appellant failed to file his motion for relief from the final divorce order of December 15, 1981 within the time limitations prescribed by Rule 60(b), the circuit court was without jurisdiction to hear the motion.

The appellant responds by arguing that the petition to reopen his second divorce was not a motion for relief under Rule 60(b) but an independent action addressed to the trial court's inherent powers as it maintains continuing jurisdiction over child custody and child support.

The primary vehicle by which a party may seek relief from a judgment or order in a circuit court is contained in Rule 60(b) of the West Virginia Rules of Civil Procedure.[4] *See Parsons v. Consolidated Gas*

---

2. *W.Va.Code,* 48–7–1 [1969], has been replaced by *W.Va.Code,* 48–7–4 [1983].

3. With certain qualifications, *W.Va.R.Civ.P.* 81(a)(2) provides that the Rules of Civil Procedure apply to "actions for divorce, annulment, affirmation, and separate maintenance...."

4. *W.Va.R.Civ.P.* 60(b) provides as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable

*Supply Corp.,* 163 W.Va. 464, 256 S.E.2d 758 (1979); *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974); *Intercity Realty Co. v. Gibson,* 154 W.Va. 369, 175 S.E.2d 452 (1970). Interpreting the same provision of the Federal Rules of Civil Procedure,[5] the United States Court of Appeals for the Fifth Circuit in *Bankers Mortgage Co. v. United States,* 423 F.2d 73, 77 (5th Cir.), *cert. denied,* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970), stated:

> The purpose of Rule 60(b) is to define the circumstances under which a party may obtain relief from a final judgment. The provisions of this rule must be carefully interpreted to preserve the delicate balance between the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of *all* the facts. In its present form, 60(b) is a response to the plaintive cries of parties who have for centuries floundered, and often succumbed, among the snares and pitfalls of the ancillary common law and equitable remedies. It is designed to remove the uncertainties and historical limitations of the ancient remedies but to preserve all of the various kinds of relief which they offered.

(emphasis in original). *W.Va.R.Civ.P.* 60(b) clearly sets forth the specific reasons for which relief may be granted. For certain reasons a time limitation of · eight months is imposed.

 However, in addition to a motion for relief from a final judgment, order or proceeding pursuant to the reasons set forth in *W.Va.R.Civ.P.* 60(b)(1) through (5), the rule specifically provides that a party may obtain relief from a final judgment,

order or proceeding through an independent action. *See Winfield Associates, Inc. v. Stonecipher,* 429 F.2d 1087 (10th Cir. 1970); *Bankers Mortgage Co. v. United States, supra; Hadden v. Rumsey Products,* 196 F.2d 92 (2d Cir.1952); *Chrysler Corp. v. Superior Dodge, Inc.,* 83 F.R.D. 179 (D.Md.1979); *Anderson v. State Department of Highways,* 584 P.2d 537 (Alaska 1978); *See generally* 7 J. Moore, *Moore's Federal Practice* ¶ 60.31 (2d ed. Cum.Supp. 1983–84); 11 C. Wright, A. Miller, *Federal Practice and Procedure* § 2868 (Supp.1982). The definition of an independent action, as contemplated by *W.Va.R.Civ.P.* 60(b), is an equitable action that does not relitigate the issues of the final judgment, order or proceeding from which relief is sought and is one that is limited to special circumstances. *See Greater Boston Television Corp. v. Federal Communications Commission,* 463 F.2d 268 (D.C.Cir.1971), *cert. denied,* 406 U.S. 950, 92 S.Ct. 2042, 32 L.Ed.2d 338 (1972); *Winfield Associates, Inc. v. Stonecipher, supra; Smith v. Fitzsimmons,* 264 F.Supp. 728 (S.D.N.Y.1967), *aff'd,* 394 F.2d 381 (2d Cir.), *cert. denied,* 393 U.S. 939, 89 S.Ct. 300, 21 L.Ed.2d 276 (1968); *Johnson v. St. Paul Insurance Companies,* 305 N.W.2d 571 (Minn.1981); *Anderson v. State Department of Highways, supra.*

 In order to obtain relief from a final judgment, order or proceeding through an independent action, the independent action must contain the following elements: (1) the final judgment, order or proceeding from which relief is sought must be one that, in equity and good conscience, should not be enforced; (2) the party seeking relief should have a good defense to the

time, and for reasons (1), (2), (3), and (6) not more than eight months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant statutory relief in the same action to a defendant not served with a summons in that action, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, petitions for re-

hearing, bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

**5.** *W.Va.R.Civ.P.* 60(b) is virtually identical to Rule 60(b) of the Federal Rules of Civil Procedure. The principal difference is that, for certain reasons, the federal rule imposes a one-year time limitation upon making such a motion as opposed to our eight-month time limitation. *See Coury v. Tsapis,* 172 W.Va. 103, 304 S.E.2d 7 (1983).

cause of action upon which the final judgment, order or proceeding is based; (3) there must have been fraud, accident or mistake that prevented the party seeking relief from obtaining the benefit of his defense; (4) there must be absence of fault or negligence on the part of the party seeking relief; and (5) there must be no adequate legal remedy. *Addington v. Farmer's Elevator Mutual Insurance Co.*, 650 F.2d 663 (5th Cir.1981); *Bankers Mortgage Co. v. United States, supra.*

Inasmuch as the appellee asserts that his action in the circuit court was an independent action, and because such action was beyond the applicable time limitations under Rule 60(b), we shall treat his petition for relief from his second divorce as an independent action. However, based upon the record in this case, the appellant's petition for relief from his second divorce does not meet the above definition of an independent action as contemplated by Rule 60(b).

■ The dilemma in which the appellant now finds himself resulted from his fault or negligence in not raising the issue of paternity through appropriate proceedings prior to the final disposition of his second divorce. *See W.Va.Code*, 48-2-1 *et seq.* The record indicates that the appellant failed to answer the appellee's second divorce complaint, filed November 16, 1981. The appellant did appear at the final hearing, held December 15, 1981, at which time he admitted that irreconcilable differences existed between the parties but otherwise did not contest the paternity of the child. The principal assertion upon which the appellant based his petition, namely, the lack of resemblance between the child and the appellant, was available to him prior to the final disposition of his second divorce. In any event, the record is clear that all facts asserted in the petition were available to the appellant prior to the expiration of the time limitations imposed by Rule 60(b). Therefore, the appellant is precluded from challenging the paternity of the child through an independent action.

■ As noted above, the appellee has moved this Court to dismiss this appeal under the provisions of Rule 18 of the Rules of Appellate Procedure West Virginia Supreme Court of Appeals. However, we find it unnecessary to dispose of this appeal upon that basis. Although the lower court's dismissal of the appellant's petition for relief is not based upon the same reasons we use, "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. pt. 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965). *See also Chambers v. Sovereign Coal Co.*, 170 W.Va. 537, 295 S.E.2d 28, 30 (1982); syl. pt. 2, *Environmental Products Co., Inc. v. Duncan*, 168 W.Va. 349, 285 S.E.2d 889 (1981); syl. pt. 2, *Work v. Rogerson*, 149 W.Va. 493, 142 S.E.2d 188 (1965).

For the foregoing reasons, the order of the Circuit Court of McDowell County in which that court dismissed the appellant's petition for relief from his second divorce is hereby affirmed.

Affirmed.