454 S.E.2d 371

**Claudette DOWNING, Plaintiff Below, Appellee,**

v.

**Arden Dana ASHLEY, Defendant Below, Appellant.**

No. 21966.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 27, 1994.

Filed As Modified Dec. 15, 1994.

ed the defendant's motion to dismiss the complaint. We agree with the defendant that this case was properly dismissed. Furthermore, we reverse that portion of the order which denied his motion for sanctions, and we remand this case to allow development of the record on the issue of costs and attorney's fees pursuant to Rule 11.

## I.

The record shows that the parties were divorced in February of 1976 in Dekalb County, Georgia. The plaintiff was awarded alimony and child support. In March of 1976 (1976 order), the Georgia court found the defendant to be in contempt for failing to comply with the divorce order.

In November of 1978, the plaintiff filed suit in the Circuit Court of Kanawha County seeking to enforce the orders issued in Georgia. After two years of litigation, including a nonjury trial, an order was entered in January of 1980 (1980 order), which granted full faith and credit to the previous order awarding alimony and child support. This order also addressed the disposition of certain personal property and insurance policies. Full faith and credit was not given to the 1976 order holding the defendant in contempt because the court was concerned that he may not have received proper notice of that proceeding. Neither party appealed this order.

In October of 1992, the plaintiff filed this civil action in the Circuit Court of Kanawha County. In Count I of the complaint, she requested the court to set aside its 1980 order, which refused to grant full faith and credit to the 1976 order, pursuant to Rule 60(b)[2] of the West Virginia Rules of Civil

Richard A. Robb, Charleston, for appellee.

Joseph R. Goodwin, Debra C. Price, Goodwin & Goodwin, Charleston, for appellant.

## PER CURIAM:

Arden Dana Ashley, the appellant and defendant below, appeals from a portion of an order of the Circuit Court of Kanawha County entered May 25, 1993, which denied his motion for an award of costs and attorney's fees pursuant to Rule 11 of the West Virginia Rules of Civil Procedure.[1] Claudette Downing, the appellee and plaintiff below, cross-appeals the portion of the order which grant-

1. Rule 11 states, in part:

"[T]he signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court,

upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee."

2. Rule 60(b) states, in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mis-

Procedure. In Count II, she requested enforcement of the 1976 order. Finally, in Count III, she sought enforcement of certain directives regarding personal property as set forth in the 1980 order.

On April 1, 1993, the circuit court heard arguments on the defendant's motion to dismiss the complaint and to award sanctions, and on the plaintiff's motion for summary judgment and for partial sanctions. By order entered May 25, 1993, the circuit court held that Count I of the complaint "allège[d] no new facts whatsoever which would justify bringing an independent action under Rule 60(b) of the West Virginia Rules of Civil Procedure over 12 years after the entry of [the] ... final Order."

The circuit court found that the relief sought in Count II of the complaint was time barred and barred by the doctrine of *res judicata*. It also found that the request for relief sought in Count III of the complaint was untimely because W.Va.Code, 38–3–18 (1923), states a plaintiff must execute a judgment within ten years.[3]

Finally, the circuit court denied the defendant's motion for an award of sanctions pursuant to Rule 11 of the West Virginia Rules of Civil Procedure. The order does not address the reason why this request was denied.

## II.

■ We begin our analysis with the plaintiff's cross-appeal. She asserts that the circuit court erred in dismissing this action because the case was properly brought as an independent action under Rule 60(b). She alleges that during the previous suit filed before the circuit court, the defendant committed fraud by falsely swearing that he did not receive notice of the contempt hearing held in Georgia in 1976.

■ In Syllabus Points 2 and 3 of *N.C. v. W.R.C.*, 173 W.Va. 434, 317 S.E.2d 793 (1984), we defined an independent action and set forth the requirements for proceeding on this ground.

"2. The definition of an independent action, as contemplated by W.Va.R.Civ.P. 60(b), is an equitable action that does not relitigate the issues of the final judgment, order or proceeding from which relief is sought and is one that is limited to special circumstances.

"3. In order to obtain relief from a final judgment, order or proceeding through an independent action, the independent action must contain the following elements: (1) the final judgment, order or proceeding from which relief is sought must be one that, in equity and good conscience, should not be enforced; (2) the party seeking relief should have a good defense to the cause of action upon which the final judgment, order or proceeding is based; (3) there must have been fraud, accident or mistake that prevented the party seeking relief from obtaining the benefit of his defense; (4) there must be absence of fault or negligence on the part of the party seeking relief; and (5) there must be no adequate legal remedy."

After reviewing the record, we find that the plaintiff is attempting to relitigate the issues that were brought before the circuit court in 1978. The plaintiff is seeking alimo-

---

take, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for rea-

sons (1), (2), (3), and (6) not more than eight months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This Rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant statutory relief in the same action to a defendant not served with a summons in that action, or to set aside a judgment for fraud upon the court."

**3.** W.Va.Code, 38–3–18, states, in part, that "[o]n a judgment, execution may be issued within ten years after the date thereof."

ny and child support payments due between 1974 and 1976. No continuing payments are at issue. This matter was previously litigated for two years, and the circuit court rendered its decision.

Furthermore, the elements for proceeding with an independent action are not met. The order below is not unconscionable. More importantly, the plaintiff failed to appeal the portions of the 1980 order, which she now raises. This suit cannot be brought in lieu of an appeal to this Court.

■■■ These facts not only invalidate the claim as an independent action, but also bar this suit under the doctrine of *res judicata.* Syllabus Point 1 of *In re McIntosh's Estate,* 144 W.Va. 583, 109 S.E.2d 153 (1959), states the doctrine of *res judicata:*

"'An adjudication by a court having jurisdiction of the subject-matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the action. It is not essential that the matter should have been formally put in issue in a former suit, but it is sufficient that the status of the suit was such that the parties might have had the matter disposed of on its merits. An erroneous ruling of the court will not prevent the matter from being *res judicata.*' Point 1, Syllabus, *Sayre's Adm'r v. Harpold et al.,* 33 W.Va. 553[, 11 S.E. 16 (1890) ]."

*Accord* Syllabus Point 1, *Sattler v. Bailey,* 184 W.Va. 212, 400 S.E.2d 220 (1990); Syllabus Point 1, *Conley v. Spillers,* 171 W.Va. 584, 301 S.E.2d 216 (1983). All issues raised in the case at bar were either actually determined by the earlier suit or should have been fully litigated, including an appeal to this Court, at that time.

■■■ Finally, we agree that this suit is time barred. In Syllabus Point 6 of *Robinson v. McKinney,* 189 W.Va. 459, 432 S.E.2d 543 (1993), we state:

"The ten-year statute of limitations set forth in W.Va.Code, 38–3–18 [1923] and not

the doctrine of laches applies when enforcing a decretal judgment which orders the payment of monthly sums for alimony or child support."

Clearly the plaintiff failed to execute the 1980 judgment within ten years. This case was filed more than sixteen years after the 1976 order and more than twelve years after the 1980 order.

Based on the foregoing, we find that the circuit court was correct in dismissing this action.

## III.

■■■ The defendant asserts that the circuit court erred in denying his motion for Rule 11 sanctions.[4] He claims that the plaintiff filed this clearly time-barred claim for vexatious and oppressive purposes. She filed the complaint before the general election in 1992 in which the defendant was the Democratic candidate for Sheriff of Kanawha County. Sanctions are sought pursuant to the Syllabus of *Daily Gazette Co., Inc. v. Canady,* 175 W.Va. 249, 332 S.E.2d 262 (1985):

"A court may order payment by an attorney to a prevailing party [of] reasonable attorney fees and costs incurred as the result of his or her vexatious, wanton, or oppressive assertion of a claim or defense that cannot be supported by a good faith argument for the application, extension, modification, or reversal of existing law."

■■■ In *Kincaid v. Morgan,* 188 W.Va. 452, 425 S.E.2d 128 (1992), we remanded on the issue of Rule 11 sanctions, and recognized that the inadequacy of the record on this issue prevented us from rendering judgment. In Syllabus Point 4 of *Kincaid,* we state:

"'"When the record in an action or suit is such that an appellate court can not in justice determine the judgment that should be finally rendered, the case should be remanded to the trial court for further development." Syl. pt. 2, *South Side Lumber Co. v. Stone Construction Co.,* 151 W.Va. 439, 152 S.E.2d 721 (1967).' Syl. pt.

4. *See* note 1, *supra.*
■■■

3, *Heydinger v. Adkins,* 178 W.Va. 463, 360 S.E.2d 240 (1987)."

Likewise, we find the evidence in this case unclear as to whether this suit met the standard enunciated in *Daily Gazette Co.* The circuit court did not make any finding whether the plaintiff or her counsel acted in a "vexatious, wanton, or oppressive" manner in filing this suit. The order does not state the reason sanctions were denied. Furthermore, after reviewing the transcript of the hearing, we cannot determine the motive for filing this claim or particularly why sanctions were denied. Although the record before this Court is quite lengthy, very little discussion is given to the issue of why sanctions were not granted. At first, it appears that the circuit court was concerned that Ms. Downing was not paid the alimony in question. However, the circuit court then states that it was *not* making a finding that the defendant owed the plaintiff money.

Because the record was not adequately developed on the issue of sanctions, we remand this issue to the circuit court for further development to determine whether the plaintiff acted in a "vexatious, wanton, or oppressive" manner. If so, the circuit court should determine whether to award the defendant his reasonable attorney's fees and costs incurred in defending this action.

## IV.

Based upon the foregoing, the May 25, 1993, order of the Circuit Court of Kanawha County is affirmed, in part; reversed, in part, insofar as attorney's fees and costs were denied to the defendant; and remanded for a determination of the appropriateness of an award of attorney's fees and costs.

Affirmed, in part, reversed, in part, and remanded with directions.

BROTHERTON, J., did not participate.

MILLER, Retired J., sitting by temporary assignment.

WORKMAN, J., dissents and reserves the right to file a Dissenting Opinion.

WORKMAN, Justice, dissenting:

I must dissent to the majority's decision to remand this case for further development on

the issue of whether sanctions should be ordered against the Appellee, Mrs. Downing. If the majority was unable to determine the lower court's basis for denying sanctions, they must not have read the transcript.

Senior Judge Robert Abbot,[1] now deceased, made it clear on the record why he was denying sanctions. After hearing argument of counsel on the motion for sanctions, the judge said:

Let me rule on this one first. I tell you why I am going to overrule. I think I know the considerations on a Court for such a motion, and I realize that in the passage of time that the courts have looked more favorably on a motion of this nature.

Frankly, I believe in them, but in this particular case where you have the underlying fact that your client—we are not talking about whether you get the money or not, we are talking about from whom you get the money.

*You've got a client here who didn't pay this lady what he owed her.* If he didn't think he owed it, he would not have set up any kind of artificial statutory barrier. He would have gone to the man on the merits maybe. (emphasis added)

By failing to appeal the circuit court's 1980 order refusing to give full faith and credit to the Georgia court order which held Appellant in contempt for failing to pay child support, the Appellee effectively lost her opportunity to ever collect that child support. Judge Abbot was an outstanding judge who was particularly skillful at balancing the equities in these types of cases. He made clear that, in light of the fact that the Appellant was off the hook for the child support, Mrs. Downing should not have to pay his attorney fees.

Rule 11 provides, in pertinent part:

the court, upon motion or upon its own initiative, *may* impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of

---

1. Although Judge MacQueen heard the earlier proceeding, he was deemed disqualified in the 1993 proceeding, not on the basis of any actual prejudice, but on the basis of avoiding an appearance of impropriety, since the Appellant was and is the Sheriff of Kanawha County, where Judge MacQueen is the Chief Judge. Then Senior Judge Abbot was appointed in this matter.

the pleading, motion, or other paper, including a reasonable attorney's fee.

W.Va.R.Civ.P. 11 (emphasis added). The rule clearly makes imposition of sanctions discretionary in nature. Judge Abbot exercised his discretion and clearly there was no abuse of discretion. His determination to deny sanctions should be upheld so that the parties can act out no further.

The majority points out that the judge did not make a *finding* that the Defendant owed the Plaintiff money. Let's read the entire excerpt and see what else the court and Appellant's lawyers said:

MR. GOODWIN:[2] Let me make very, very, very clear and this is the truth, we did not admit on the record and have never admitted and there is no evidence in this record or in this case that he owes that money to the contrary.

THE COURT: Nobody has convinced me that he doesn't, but I haven't got that before me.

MR. GOODWIN: That is what I am saying, for the Court to make a finding that he owes this money—

THE COURT: No, I am not doing that.

MR. GOODWIN: —it is not supported by the record.

THE COURT: I am doing that.

MS. PRICE: Your Honor, if I could just briefly address that. You asked right at the beginning if he had paid those temporary payments, and I said we didn't concede them.

I am being perfectly honest. This suit was brought a couple of weeks before the election. When the sheriff brought it in and showed it to me, reading the Complaint I was convinced it was completely time barred and I have never once asked him if he ever made those payments. That is why I really have no idea if he did or not.

THE COURT: I don't either really. He hadn't told me he did. *I know this lady right here signed an affidavit and swore to God he didn't. I don't think he has done that, has he?*

*So I am going to deny attorney's fees.* Now, you-all get an Order to me and have both of you sign it. (emphasis added)

A first-year law student could read that exchange and determine the judge felt that the Appellant didn't pay the child support he owed, and consequently was not making Appellee pay Appellant's attorney fees. Obviously, there was no finding of fact as to whether the child support was ever paid, because there was no necessity for such a finding in connection with the underlying issue of whether Appellee's claim was barred by her failure to appeal the 1980 order. But for purposes of Rule 11 sanctions, the circuit court obviously viewed it as a very important factor, and rightfully so. Judge Abbot figured if it walked like a duck and quacked like a duck, it was probably a duck. He used the old-fashioned concept of fairness to resolve this issue in a way that took the equities of the entire scenario into account, and he did not abuse his discretion.

On remand, it seems doubly important that the Appellant now have the opportunity to present full evidence as to whether the child support ordered by the Georgia court was ever fully paid. This evidence was not permitted in earlier proceedings, because the underlying issue was whether Appellee had a right to seek to enforce the earlier Georgia child support orders after not appealing the 1980 order. The issue on remand, however, is whether it would be proper to require Appellee to pay Appellant's attorney fees under *Daily Gazette Co. v. Canady*, 175 W.Va. 249, 332 S.E.2d 262 (1985). The standard set forth there to justify an award of attorney fees is of a "vexatious, wanton, or oppressive assertion of a claim or defense that cannot be supported by a good faith argument for the application, extension, modification, or reversal of existing law."

With the new focus on child support and innovative strategies courts and other governmental entities across the country are using to try to collect child support, how could it be said that a good faith argument for the modification of existing law could not be made *if the child support was never fully paid.*

**2.** Mr. Joseph R. Goodwin and Ms. Debra C. Price are counsel of record for Appellant.

On remand, maybe we'll finally find out if the child support was paid, for Mrs. Downing should be given a full opportunity to offer evidence on this issue.