# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Judith T.,**
**Plaintiff Below, Petitioner**

**vs)   No. 16-0212** (Kanawha County 15-C-1658)

**Andrea D., Steven T., and**
**Defendant Doe,**
**Defendants Below, Respondents**

**FILED**

**January 20, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Judith T.,[1] pro se, appeals the December 17, 2015, order of the Circuit Court of Kanawha County that awarded summary judgment to Respondents Andrea D. and Steven T. (collectively "respondent")[2] on the ground that petitioner's action was barred by the doctrine of res judicata. Respondent, by counsel Ariella G. Silberman, filed a response, and petitioner filed a reply.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner and Steven T. were once married and had two children together. Andrea D. is Steven T.'s long-term romantic partner. In 2008, Steven T. transferred a one-half interest in his residence, with the right of survivorship, to Andrea D. That transfer formed the basis of one of the claims in petitioner's complaint. Petitioner alleged that Steven T. fraudulently transferred the one-half interest to Andrea D. in order to protect his assets from collection efforts undertaken by petitioner with regard to a child support arrearage. However, as discussed *infra*, the Family Court of Kanawha County subsequently found that petitioner's collection efforts against Steven T. during the period that Steven T. was found in child support arrears under a defunct temporary order were null and void. Therefore, to the extent petitioner asserted a claim that Andrea D. aided Steven T. in hiding assets during those collection efforts, we find that Andrea D. was in privity with Steven T. for the purposes of the doctrine of res judicata. *See* Syl. Pt. 1, *Antolini v. W.Va. Div. of Nat. Res.*, 220 W.Va. 255, 647 S.E.2d 535 (2007) (setting forth necessary elements for doctrine of res judicata to apply).

1

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties' divorce case, which was initiated in 2002, was protracted. As a result of proceedings in 2008 and 2009, the Family Court of Kanawha County (1) calculated child support for the parties' two children; (2) declared that petitioner's collection efforts against respondent during the period respondent was found in child support arrears under the defunct temporary order were null and void; and (3) found that petitioner owed respondent $32,543.99, plus interest at the statutory rate, in unpaid child support. The family court subsequently reaffirmed its rulings from 2008 and 2009 in an order entered April 3, 2013. The family court's April 3, 2013, order was affirmed by this Court in *Judith T. v. Steven T.*, No. 13-0633, 2014 WL 998424, at *4 (W.Va. March 14, 2014) (memorandum decision).[3] On April 14, 2014, petitioner filed a petition for rehearing alleging that the child support calculation upheld by this Court in *Judith T.* was "fraudulent" because it was procured through a "deceptive scheme" engaged in by respondent. By order entered May 28, 2014, this Court refused the petition for rehearing.

Petitioner also filed a motion pursuant to Rule 11 of the West Virginia Rules of Civil Procedure in the family court on December 5, 2013, asking that respondent be sanctioned for "misrepresentations" and "wrongful representations" that caused the parties to engage in protracted litigation regarding child support. Respondent filed a response on December 9, 2013. By order entered January 29, 2014, the family court denied petitioner's Rule 11 motion. In denying the motion, the family court found that the affidavits submitted by respondent prior to the child support calculation that was affirmed in *Judith T.* "were accurate at the time of [their] filing."

Subsequently, on September 2, 2015, petitioner filed the instant action in the Circuit Court of Kanawha County pursuant to Rule 60(b)(3)[4] alleging that the child support calculation by which she was found in arrears resulted from a fraud on the family court perpetuated by respondent.[5] Respondent filed a motion to dismiss petitioner's action on September 22, 2015, and requested that the circuit court take judicial notice of the record in *Judith T.* At an October 15,

---

[3]By order entered June 2, 2016, the Court took judicial notice of the appendices in *Judith T. v. Steven T.*, No. 13-0633, 2014 WL 998424 (W.Va. March 14, 2014) (memorandum decision). The Court also takes judicial notice of the lower court record in Case No. 02-D-2143 pursuant to Rule 6(b) of the West Virginia Rules of Appellate Procedure.

[4]Rule 60(b) of the West Virginia Rules of Civil Procedure permits a party to seek relief from a prior judgment by filing either a motion or an independent action.

[5]Given petitioner's allegation that respondent was aided by others in his fraud upon the family court, she named any unidentified individuals as "Defendant Doe."

2015, hearing, the circuit court converted respondent's motion into a motion for summary judgment on the ground that it was necessary to consider materials outside the four corners of petitioner's complaint. Accordingly, on October 19, 2015, petitioner filed a response to respondent's motion and an affidavit, pursuant to Rule 56(f), certifying her belief that discovery was necessary before the circuit court could rule on respondent's motion. At an October 29, 2015, hearing, petitioner introduced fifteen exhibits in opposition to respondent's motion for summary judgment. At the conclusion of that hearing, the circuit court gave petitioner until November 30, 2015, to file additional documents.

By order entered December 17, 2015, the circuit court awarded summary judgment to respondent on the ground that petitioner's action was barred by the doctrine of res judicata. The circuit court first found that further discovery was not required. The circuit court noted that its award of summary judgment was based on (1) the allegations in petitioner's complaint; and (2) the parties' pleadings and the various orders entered by the family court, the circuit court, and this Court in *Judith T.*[6] Second, the circuit court found that the doctrine of res judicata barred petitioner's Rule 60(b)(3) action given petitioner's admission that there was "a final adjudication on the merits in the divorce proceeding [in *Judith T.*]." The circuit court found that the fraud claims contained in petitioner's complaint were identical or substantially similar to her arguments, rejected in *Judith T.*, that the child support calculation by which she was found in arrears was inaccurate or fraudulent.

Petitioner now appeals the circuit court's December 17, 2015, order awarding summary judgment to respondent.[7] In syllabus point one of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), we held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Pursuant to Rule 56(c) of the Rules of Civil Procedure, summary judgment "shall" be granted

---

[6]At the October 29, 2015, hearing, petitioner objected to respondent's suggestion that the circuit court take notice of the record in *Judith T.* on the ground that the court had to go document-by-document and determine whether each was susceptible to judicial notice pursuant to Rule 201 of the West Virginia Rules of Evidence, which regulates a court's ability to take judicial notice of adjudicative facts. On appeal, petitioner contends that the circuit court improperly took judicial notice of the record in *Judith T.* However, under the facts and circumstances of this case, where all the documents of which respondent wanted the circuit court to take judicial notice had been entered into the record of the parties' previous case, we find that the circuit court properly took judicial notice of the entire record in *Judith T.*

[7]Petitioner also assigns error to an earlier order, entered on November 2, 2015, by which the circuit court sealed the instant case given the amount of sensitive personal information contained in the record because of the related divorce case. We find that, between petitioner's opening brief and her reply brief, petitioner devotes only one sentence to arguing that the circuit court erred in sealing this case. Therefore, we conclude that petitioner has waived this issue and deem it abandoned. *See State v. LaRock,* 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996) (stating that "half-hearted assignments" that are not fully developed will be deemed "abandoned.").

3

provided that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party [.]"*Painter*, 192 W.Va. at 190, 451 S.E.2d at 756, syl. pt. 4, in part.

On appeal, petitioner contends that the circuit court did not allow adequate time for discovery prior to ruling on respondent's motion for summary judgment. "Summary judgment is appropriate only after the non-moving party has enjoyed adequate time for discovery." *Payne's Hardware & Bldg. Supply, Inc., v. Apple Valley Trading Co., of W.Va.*, 200 W.Va. 685, 690, 490 S.E.2d 772, 777 (1997) (internal quotations and citations omitted). Respondent notes his request for the circuit court to take judicial notice of the record in *Judith T.* We find that the circuit court had the option to take judicial notice of the record in *Judith T.* without converting respondent's motion to dismiss into a motion for summary judgment because, in deciding dismissal motions, a court is permitted to "consider matters that are susceptible to judicial notice." *Forshey v. Jackson*, 222 W.Va. 743, 747, 671 S.E.2d 748, 752 (2008) (internal quotations and citations omitted). Moreover, as explained *infra*, we find that the record in *Judith T.* was sufficient to allow the circuit court to award judgment to respondent in this case as a matter of law. Therefore, we reject petitioner's argument that the circuit court erred in not allowing additional time for discovery.

Petitioner readily admits that there was a previous and final adjudication on the merits in *Judith T.* because the lack of an "adequate legal remedy" is a required element for maintaining an independent action to seek relief from a judgment in a prior case pursuant to Rule 60(b). In syllabus point two of *Downing v. Ashley*, 193 W.Va. 77, 454 S.E.2d 371 (1994), we held, as follows:

> "In order to obtain relief from a final judgment, order or proceeding through an independent action, the independent action must contain the following elements: (1) the final judgment, order or proceeding from which relief is sought must be one that, in equity and good conscience, should not be enforced; (2) the party seeking relief should have a good defense to the cause of action upon which the final judgment, order or proceeding is based; (3) there must have been fraud, accident or mistake that prevented the party seeking relief from obtaining the benefit of his defense; (4) there must be absence of fault or negligence on the part of the party seeking relief; and (5) there must be no adequate legal remedy." Syllabus Point 3, *N.C. v. W.R.C.*, 173 W.Va. 434, 317 S.E.2d 793 (1984).

In syllabus point one of *Downing*, we further held that an independent action under Rule 60(b) was "limited to special circumstances" and, like a motion filed pursuant to that rule, was not to be used to "re[-]litigate the issues of the final judgment, order or proceeding from which relief is sought." 193 W.Va. at 78, 454 S.E.2d at 372 (quoting *N.C.*, 173 W.Va. at 435, 317 S.E.2d at 794, syl. pt. 2)).

We agree with respondent that petitioner attempted to use the instant action to re-litigate the issues of *Judith T.* Even excluding petitioner's petition for rehearing and her Rule 11 motion filed in the family court, we find that, based on our review of the record in *Judith T.*, petitioner

4

consistently asserted that (1) respondent willfully failed to disclose certain tax returns despite a clear legal obligation to do so; (2) instead of submitting those tax returns, respondent submitted "unverified" financial information to the family court; and (3) the "unverified" financial information submitted by respondent "misrepresented" that his income was lower than what petitioner alleged the tax returns would have shown. We find that the same or substantially similar allegations comprise petitioner's claims of fraud in the instant case.[8] Therefore, we conclude that there is no reason, in equity and good conscience, not to enforce the various orders entered by the family court, the circuit court, and this Court in *Judith T.* merely because petitioner is dissatisfied with those orders.

In *Downing*, we found that such a determination "not only invalidate[s] the claim as an independent action, but also bar[s] [the action] under the doctrine of *res judicata*." 193 W.Va. at 81, 454 S.E.2d at 375. Three elements must be satisfied before the prosecution of an action may be barred on the basis of res judicata: (1) there must have been a final adjudication on the merits in the first proceeding; (2) the second proceeding must involve the same parties, or persons in privity with those same parties, as the first proceeding; and (3) the cause of action in the second proceeding must be identical to the cause of action determined in the first proceeding or must be such that it could have been resolved, had it been presented, in the first proceeding. *See* Syl. Pt. 1, *Antolini v. W.Va. Div. of Nat. Res.*, 220 W.Va. 255, 647 S.E.2d 535 (2007) (quoting Syl. Pt. 4, *Blake v. Charleston Area Medical Center, Inc.*, 201 W.Va. 469, 498 S.E.2d 41 (1997)). First, petitioner does not dispute that there was a final adjudication on the merits in *Judith T.* Second, we find that there is also no dispute that *Judith T.* and the instant action involve the same parties or persons in privity with them. Finally, given our finding that petitioner attempted to use the instant action to re-litigate the issues of *Judith T.*, we find that the third element necessary for the doctrine of res judicata to apply is also satisfied.

While an exception to the doctrine of res judicata exists where one party's fraud prevents the other party from litigating her claims in the previous case, *see Blake*, 201 W.Va. at 477, 498 S.E.2d at 49, our finding that petitioner attempted to re-litigate the issues of *Judith T.* precludes the application of this exception. In *Downing*, we found that the doctrine of res judicata barred a party's Rule 60(b) action against her former husband, despite her claim that he committed fraud by testifying falsely in the first case, because she did not file an appeal in the earlier case. 193 W.Va. at 80-81, 454 S.E.2d at 374-75. In *Judith T.*, petitioner filed an appeal and argued that respondent willfully failed to disclose all the tax and financial information to which she was entitled. However, we found that the family court did not err in "[re]affirming its previous calculation of child support." *Id.*, 2014 WL 998424, at *3. Therefore, when we decided petitioner's appeal in *Judith T.*, we rejected the argument that forms the basis of petitioner's fraud claims in the instant

---

[8]Petitioner characterizes one of her claims as a cause of action for intentional infliction of emotional distress. However, in making this claim, petitioner alleges that respondent's fraudulent scheme constituted extreme and outrageous conduct. Therefore, despite petitioner's characterization of this claim, we find that it constitutes another claim alleging fraud.

5

action. Accordingly, we conclude that the circuit court did not err in awarding summary judgment to respondent on the ground that the doctrine of res judicata barred petitioner's instant action.

For the foregoing reasons, we affirm the circuit court's December 17, 2015, order awarding summary judgment to respondent.

Affirmed.

**ISSUED**:   January 20, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker