**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Robert Brumfield,**
**Plaintiff Below, Petitioner**

**vs.) No. 22-0037** (Cabell County 21-C-02)

**Christina McComas,**
**Defendant Below, Respondent**

**MEMORANDUM DECISION**

Self-represented Petitioner Robert Brumfield appeals the December 15, 2021, order of the Circuit Court of Cabell County denying his motion to alter or amend its November 29, 2012, order. [1] In the November 29, 2012, order, the circuit court granted Respondent Christina McComas's amended motion to dismiss petitioner's civil action seeking relief from the August 21, 2007, final order and the August 5, 2008, contempt order entered by the Family Court of Cabell County in the parties' divorce case. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Respondent filed her petition for divorce in the family court in December of 2006. At that time, two of the parties' children were minors. The family court, by temporary order entered on April 21, 2007, set petitioner's child support obligation at $500 per month "as this is the traditional amount that he is accustomed to contributing toward the monthly expenses of the household." In the August 21, 2007, final order granting the parties a divorce, the family court continued petitioner's child support obligation at $500 per month, finding that neither party had provided the financial information necessary "to run the child support formula" and that "[c]hild support should continue as set forth in the [t]emporary [o]rder until such time as the financial information is provided." The family court further directed the equitable distribution of the marital estate according to an assets and debt sheet attached to the final order. The family court ordered that

---

[1]Petitioner is self-represented. Respondent Christina McComas appears by counsel Maggie J. Kuhl.

1

petitioner pay respondent $387.77 to equalize the equitable distribution. Petitioner appealed the family court's final order to the circuit court, which, by an order entered on December 3, 2007, affirmed the final order. This Court, by order entered on December 29, 2008, refused petitioner's appeal from the circuit court's December 3, 2007, order.

While petitioner's appeal of the circuit court's December 3, 2007, order was pending before this Court, the family court, by order entered on August 5, 2008, found that petitioner was in contempt due to the non-payment of child support. In making its contempt finding, the family court noted that it intended that both parties "should provide appropriate income information," but attributed the difficulty in calculating petitioner's child support obligation to his failure to provide "reports from an accountant, tax returns, book work from his business or W-2's or 1099's." The family court determined that the child support issue did not remain open following the entry of the final order. Rather, if the appropriate information would have been provided, and "[i]f a modification was indicated based on that information, the previous order could be modified upon the appropriate filing of a [p]etition for [m]odification." Moreover, the family court had information about petitioner's earnings during 2007 and 2008, through June 19, 2008. Based upon that information, the family court found that it would not have modified petitioner's child support obligation because "the $500.00 [per month] child support previously set was appropriate." Therefore, the family court continued petitioner's child support obligation at $500 per month.[2] Finally, the family court granted respondent a judgment for $4,000, the amount of petitioner's child support arrearage at that time, plus interest. Petitioner appealed to the circuit court which, by order entered on November 14, 2008, denied the appeal. Petitioner did not appeal the circuit court's November 14, 2008, order to this Court. Subsequently, in December of 2020, the West Virginia Bureau of Child Support Enforcement ("BCSE") served a writ of execution, with an attached affidavit of accrued support, upon petitioner. The BCSE stated that, as of November 23, 2020, petitioner's child support arrearage totaled $24,188.98.[3]

On January 4, 2021, petitioner filed an independent action in the circuit court against respondent, pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure, seeking relief from the family court's August 21, 2007, final order and August 5, 2008, contempt order. On May 4, 2021, petitioner filed an amended complaint, which was served upon respondent. In the amended complaint, petitioner sought a constructive trust to preserve "[his] interest in [respondent]'s property located . . . [in] Barboursville, West Virginia," due to "[respondent]'s use of $4000.00 in marital funds for the purchase of that property" and "[respondent]'s use of the monies that exceeded the correct child support obligations due from [petitioner] from January 2007 through June 2007[.]" Petitioner also asked for a determination that respondent conspired with her

---

[2]For June of 2008 only, the family court reduced petitioner's child support obligation to $50 due to an injury he had suffered.

[3]As of August of 2021, the parties no longer had any minor children. Therefore, only petitioner's child support arrearage is now at issue.

attorney and the family court judge to obtain rulings against petitioner in the parties' divorce case.[4] Respondent filed a motion and then an amended motion to dismiss petitioner's independent action. Following an October 29, 2021, hearing, the circuit court, by order entered on November 29, 2021, dismissed petitioner's action, finding that the amended complaint failed to state a claim on which relief can be granted. Petitioner filed a motion to alter or amend the November 29, 2021, dismissal order, pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure, which the circuit court denied on December 15, 2021.

Petitioner now appeals the circuit court's December 15, 2021, and November 29, 2021, orders. We have held that the standard of review for a Rule 59(e) motion to alter or amend a judgment "is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. Am. Travellers Life In. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998). Therefore, we apply the standard applicable to motions to dismiss and review the dismissal of petitioner's amended complaint de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

On appeal, petitioner initially argues that the November 29, 2021, order dismissing the amended complaint "with prejudice" does not accurately reflect the circuit court's ruling at the October 29, 2021, hearing.[5] Petitioner asserts that the circuit court intended the dismissal of the amended complaint to be without prejudice because the court stated that it was dismissing the amended complaint "at this time." However, it is clear that the circuit court dismissed the amended complaint for a failure to state a claim on which relief can be granted. With regard to this basis for the dismissal,[6] the circuit court relied on two grounds: (1) an independent action seeking relief

_____

[4] Petitioner sought compensatory damages from respondent due to (1) child support payments that were allegedly calculated erroneously; (2) alleged errors in the marital distribution; (3) "the loss of consortium with the parties' [youngest child], and for parental alienation which occurred as a result of [respondent]'s actions"; (4) various types of emotional distress due to "[respondent]'s sole or collusive actions [(with respondent's attorney and the family court judge in the parties' divorce case)]"; (5) mental anguish, aggravation, annoyance, and inconvenience; (6) impediments to petitioner practicing law since he passed the bar examination in 2017 (petitioner explained that his child support arrearage prevents him from being licensed as an attorney); and (8) "[respondent]'s criminal false swearing." Petitioner further asked for punitive damages for respondent's alleged false swearing and to punish her for causing harm to petitioner. Finally, petitioner sought incidental and consequential damages, as well as court costs and prejudgment interest.

[5] Respondent's counsel prepared the November 29, 2021, dismissal order.

[6] In the November 29, 2021, order, the circuit court set forth additional reasons for the dismissal of the amended complaint. However, herein, we discuss only the amended complaint's failure to state a claim on which relief can be granted as we find that the circuit court properly dismissed the amended complaint on that basis.

3

from a prior judgment did not exist in West Virginia; and (2) petitioner impermissibly sought to relitigate issues from the parties' divorce case, as "everything goes back to the divorce." Petitioner asked for clarification, and the circuit court stated that "[petitioner's] *total complaint* fails to state a cause of action in West Virginia upon which relief can be granted." (Emphasis added.) Therefore, based upon our review of the October 29, 2021, hearing transcript, we find that the circuit court intended to dismiss the amended complaint with prejudice, as accurately reflected in the November 29, 2021, order.

Next, we find that petitioner is correct in arguing that the circuit court erred in finding that an independent action seeking relief from a prior judgment did not exist in West Virginia. Rule 60(b) of the West Virginia Rules of Civil Procedure permits "an independent action to relieve a party from a judgment, order or proceeding, . . . or to set aside a judgment for fraud upon the court." However, "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965*); see also Noland v. Va. Ins. Reciprocal*, 224 W. Va. 372, 382, 686 S.E.2d 23, 33 (2009) (citing *Yourtee v. Hubbard*, 196 W. Va. 683, 690 n.9, 474 S.E.2d 613, 620 n.9 (1996)) ("In reviewing an appeal of a circuit court's order, we look not to the correctness of the legal ground upon which the circuit court based its order, but rather, to whether the order itself is correct, and we will uphold the judgment if there is another valid legal ground to sustain it.").

With regard to independent actions seeking relief from a prior judgment, we have held:

"The definition of an independent action, as contemplated by [Rule] 60(b), is an equitable action that does not relitigate the issues of the final judgment, order or proceeding from which relief is sought and is one that is limited to special circumstances." Syllabus Point 2, *N.C. v. W.R.C.*, 173 W. Va. 434, 317 S.E.2d 793 (1984).

"In order to obtain relief from a final judgment, order or proceeding through an independent action, the independent action must contain the following elements: (1) the final judgment, order or proceeding from which relief is sought must be one that, in equity and good conscience, should not be enforced; (2) the party seeking relief should have a good defense to the cause of action upon which the final judgment, order or proceeding is based; (3) there must have been fraud, accident or mistake that prevented the party seeking relief from obtaining the benefit of his defense; (4) there must be absence of fault or negligence on the part of the party seeking relief; and (5) there must be no adequate legal remedy." Syllabus Point 3, *N.C. v. W.R.C.*, 173 W. Va. 434, 317 S.E.2d 793 (1984).

Syl. Pts. 1 & 2, *Downing v. Ashley*, 193 W. Va. 77, 454 S.E.2d 371 (1994). Therefore, while the circuit court erred in finding that no independent action was available pursuant to Rule 60(b), we find that the circuit court's dismissal of the amended complaint was correct due to the alternative ground that petitioner impermissibly sought to relitigate issues from the parties' divorce case.

4

Rule 12(b)(6) of the West Virginia Rules of Civil Procedure provides that an action may be dismissed for "[a] failure to state a claim upon which relief can be granted." The sufficiency of a complaint may be tested pursuant to Rule 12(b)(6). *See Newton v. Morgantown Machine & Hydraulics of W. Va., Inc.*, 242 W. Va. 650, 653, 838 S.E.2d 734, 737 (2019). Respondent argues that the circuit court properly granted her amended motion to dismiss petitioner's independent action. We agree with respondent. We have recognized that "liberalization in the rules of pleading in civil cases does not justify a . . . baseless pleading." *Sticklen v. Kittle*, 168 W. Va. 147, 164, 287 S.E.2d 148, 157-58 (1981). Accordingly, "[i]f a plaintiff does not plead all of the essential elements of his or her legal claim, a [trial] court is required to dismiss the complaint pursuant to Rule 12(b)(6)." *Newton*, 242 W. Va. at 653, 838 S.E.2d at 737 (quoting Louis J. Palmer, Jr. and Robin Jean Davis, *Litigation Handbook on West Virginia Rules of Civil Procedure*, 406-07 (5th ed. 2017) (quotations and citation omitted); *see Sticklen*, 168 W. Va. at 164, 287 S.E.2d at 158 (finding that a plaintiff must state every essential element of the cause of action in the complaint).

Pursuant to Syllabus Point 1 of *Downing*, an independent action is limited to special circumstances, not including the re-litigation of the issues from the prior action. 193 W. Va. at 78, 454 S.E.2d at 372. While petitioner attempted to assert claims for fraud and conspiracy involving respondent, respondent's divorce attorney, and the family court judge who presided in the parties' divorce case, all of petitioner's allegations to support those ostensible claims involved issues litigated during the parties' divorce case. Furthermore, in the amended complaint, petitioner failed to plead the essential five elements set forth in Syllabus Point 2 of *Downing* to maintain an independent action contemplated by Rule 60(b). *Id.* at 78, 454 S.E.2d at 372. The amended complaint alleged that respondent not only colluded with her attorney to conceal assets, but also conspired with the family court judge to obtain rulings against petitioner. Based upon our review of the family court's orders in the divorce case,[7] we find that its rulings had reasonable bases in law, and there is no reason to question the family court judge's impartiality. *See State v. Brown*, 177 W. Va. 633, 641, 355 S.E.2d 614, 622 (1987). On the other hand, it is obvious from the amended complaint that petitioner wishes to relitigate the equitable distribution of the marital estate and the establishment of his child support obligation. Therefore, we conclude that petitioner's amended complaint is a baseless pleading, and there is no reason, in equity and good conscience, not to enforce the various orders entered by the family court in the parties' divorce case merely because petitioner is dissatisfied with those orders.

In *Downing*, we found that such a determination "not only invalidate[s] the claim as an independent action, but also bar[s] [the action] under the doctrine of res judicata." 193 W. Va. at 81, 454 S.E.2d at 375. Three elements must be satisfied before the prosecution of an action may be barred on the basis of res judicata: (1) there must have been a final adjudication on the merits by a court having jurisdiction of the proceedings; (2) the second proceeding must involve the same

---

[7]Petitioner includes the family court's orders in his appendix. As we found in *Forshey v. Jackson*, 222 W. Va. 743, 747, 671 S.E.2d 748, 752 (2008), a motion to dismiss is not converted into a summary judgment motion when a court "consider[s] matters that are susceptible to judicial notice." (internal quotations and citations omitted).

5

parties, or persons in privity with those same parties, as the first proceeding; and (3) the cause of action in the second proceeding must be identical to the cause of action determined in the first proceeding or must be such that it could have been resolved, had it been presented, in the first proceeding. Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997). Considering the last two elements first, there is no dispute that petitioner's independent action involves the same parties as their divorce case. Due to our finding that petitioner attempted to use his independent action to pursue a re-litigation of issues, we find that the third element necessary for the doctrine of res judicata to apply is also satisfied.

Nevertheless, petitioner argues that the doctrine of res judicata does not apply because there was no final adjudication on the merits.[8] We disagree. Petitioner argues that the family court's August 21, 2007, final order and August 5, 2008, contempt order never became final due to the family court's failure to rule on motions he filed asking for reconsideration of its rulings. Rule 25 of the West Virginia Rules of Practice and Procedure for Family Court provides, in pertinent part, that "[a]ny party may file a motion for reconsideration of a family court order as provided in [West Virginia Code] § 51-2A-10." Petitioner analogizes motions filed pursuant to West Virginia Code § 51-2A-10 to motions to alter or amend judgment pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure, which "suspend[ ] the finality of the judgment and make[ ] the judgment unripe for appeal." Syl. Pt. 7, *James M.B. v. Carolyn M.*, 193 W. Va. 289, 456 S.E.2d 16 (1995). However, petitioner's argument is misplaced.

In *Ray v. Ray*, 216 W. Va. 11, 14 n.13, 602 S.E.2d 454, 457 n.13 (2004), *overruled on other grounds by Allen v. Allen*, 226 W. Va. 384, 701 S.E.2d 106 (2009), we found that motions pursuant to West Virginia Code § 51-2A-10 have replaced motions for relief from judgment under Rule 60(b) of the West Virginia Rules of Civil Procedure in the family court. Like Rule 60(b) motions, motions for reconsideration filed under West Virginia Code § 51-2A-10 do not suspend the finality of an order. *See* Syl. Pt. 1, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974) (holding that, unlike Rule 59(e) motions, Rule 60(b) motions do not toll running of the applicable appeal period on the underlying order). Rule 25 of the West Virginia Rules of Practice and Procedure for Family Court provides, in pertinent part, that it is an appeal of a family court order

---

[8]To the extent that petitioner raises other issues, including challenges to the family court's jurisdiction in the parties' divorce case, we do not address any such issues herein because we find them to be without arguable merit. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that "[t]he brief must contain an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error" and that this Court "may disregard errors that are not adequately supported by specific references to the record on appeal." In addition to the confusing nature and sheer frivolity of petitioner's arguments, this Court, by order entered on August 18, 2022, granted respondent's motion to strike portions of petitioner's appendix, including the family court transcripts from the parties' divorce case. While petitioner states that he also provides video recordings of the family court hearings, we do not find any such recordings in the appendix. Accordingly, we "take as non[-]existing all facts that do not appear in the [appendix record] and . . . ignore those issues where the missing record is needed to give factual support to the claim." *State v. Honaker*, 193 W. Va. 51, 26 n.4, 454 S.E.2d 96, 101 n.4 (1994).

6

that suspends "the time for filing a motion for reconsideration . . . during the pendency of the appeal." Therefore, we find that the family court's failure to rule on petitioner's motions for reconsideration did not prevent the August 21, 2007, final order and the August 5, 2008, contempt order from becoming final adjudications on the merits.

Due to petitioner's allegations of fraud, we note that an exception to the doctrine of res judicata exists where one party's fraud prevents the other party from litigating his claims in the previous case. *See Blake*, 201 W. Va. at 477, 498 S.E.2d at 49. Respondent argues that, while petitioner bases some of his fraud claims upon alleged newly discovered evidence, those claims have been developed from petitioner's review of the records from the parties' divorce case. As we have held, for the doctrine of res judicata to bar a subsequent action, "[i]t is not essential that the matter should have been formally put in issue in a former suit, but it is sufficient that the status of the suit was such that the parties might have had the matter disposed of on its merits. [Furthermore,] [a]n erroneous ruling of the court will not prevent the matter from being *res judicata*." Syl. Pt. 3, in part, *Downing*, 193 W. Va. at 78, 454 S.E.2d 372 (quoting Syl. Pt. 1, *In re McIntosh's Estate*, 144 W. Va. 583, 109 S.E.2d 153 (1959)). Petitioner appealed the family court's orders in the parties' divorce case, and the family court's orders were upheld. Pursuant to Syllabus Point 3 of *Downing*, even if the family court's rulings regarding the distribution of the marital estate and petitioner's child support obligation were erroneous, its rulings have become final and trigger the doctrine of res judicata to bar petitioner's Rule 60(b) action. 193 W. Va. at 78, 454 S.E.2d at 372. Therefore, we conclude that the circuit court properly dismissed the amended complaint for a failure to state a claim on which relief can be granted.

For the foregoing reasons, we affirm the circuit court's December 15, 2021, order denying petitioner's motion to alter or amend judgment and its November 29, 2021, order granting respondent's amended motion to dismiss petitioner's civil action seeking relief from the family court's August 21, 2007, final order and August 5, 2008, contempt order in the parties' divorce case.

Affirmed.

**ISSUED:** February 7, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn